### 4777.  TOLBERT v. THE STATE.

POTTLE, J.  1. A warrant issued by a justice of the peace, directing that the putative father of a bastard child be brought before him, is not invalid because it fails to direct that the alleged father be brought before the magistrate issuing the warrant, or some other justice of the peace.  Penal Code, § 1331.

2. Where, upon the trial of such a warrant, the magistrate adjudges that the person brought before him is the father, he may be required to give security, in terms of the law, "for the maintenance and education of the child until it arrives at the age of fourteen years, and also the expense of lying in with such child, boarding, nursing, and maintenance, while the mother is confined by reason thereof." Penal Code, § 1332. It is no objection to an order requiring such security to be given that the order merely directs that the bond be given in terms of the law, without naming the sum or stating that it shall be made payable to the ordinary of the county. An order of a magistrate which recites that the accused was required to give a bastardy bond, that he failed and refused to do so, and that he was recognized in a given sum to the superior court, is a valid order.  *McCalman* v. *State,* 121 *Ga.* 491 (49 S. E. 609).

3. The only issue involved in the trial of a bastardy case being whether the accused is the father of the bastard child, and whether he failed and refused to comply with a valid order requiring him to give security in terms of the law, it is immaterial that the mother of the child may have caused a warrant to be sued out, charging the accused with seduction, and abandoned a prosecution under such warrant. Even an acquittal under an indictment charging seduction would be no defense in a bastardy case.  *McCalman* v. *State,* supra.

4. While the failure of the defendant in a criminal case to make to the

court and jury a statement in his own behalf is not a matter which counsel for the State has the right to comment upon in his argument to the jury, yet, where the defendant does make a statement and therein fails to deny a material fact brought out in the testimony for the State, such an omission of the accused to make denial is a legitimate subject-matter of comment before the jury. The accused has the right to rest his case upon the evidence; and the fact that he does so can not be argued to his disadvantage; but if he undertakes to make a statement at all, counsel have a right to comment not only upon the statement as made, but upon any omission of the accused to deny a material fact brought against him in the testimony.

5. The conduct of the court in reprimanding counsel for the accused, for indulging in conversation which the court deemed an interference with an orderly trial, was not cause for a new trial, there being nothing in the action of the court which tended to prejudice the accused.

6. The refusal of the court to permit a defendant in a criminal case to make a second statement will in no case require a reversal of the judgment overruling a motion for a new trial, unless the record discloses that, if permitted to make the additional statement, he would have stated something material to his defense.

7. It is not error to refuse to continue a case in order to procure the testimony of a witness who resides beyond the jurisdiction of the court.

8. In the trial of a bastardy case evidence that the father of the woman has a sufficient amount of property to support his family is irrelevant.

9. In the investigation of a bastardy warrant before a justice of the peace, a statement made by counsel for the accused, in his presence, that the accused would refuse to give the bastardy bond, is to be treated as a statement of the accused himself, unless he then and there repudiates the attorney's authority to make the statement.

10. In the trial of a bastardy case evidence is irrelevant that more than one warrant directing that the accused be brought before him was issued by the committing magistrate.

11. In the trial of such a case, testimony that the woman had previously given birth to another bastard child is inadmissible.

12. In view of the fact that there was positive evidence that the accused was the father of the bastard child, and that he refused to comply with a valid order of the justice of the peace requiring him to give a bastardy bond, there is no merit in the contention that the verdict was without evidence to support it.                *Judgment affirmed.*

DECIDED MAY 6, 1913.

Indictment for misdemeanor; from Douglas superior court— Judge Price Edwards. February 7, 1913.

*J. S. James,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general, E. S. Griffith,* contra.