## 21405. WHITEHEAD *v.* THE STATE.

DECIDED JUNE 9, 1931.

*M. B. Eubanks,* for plaintiff in error.

*M. Neil Andrews,* solicitor-general, *Dean Owens, Horace D. Shattuck,* contra.

LUKE, J. The indictment in this case charges Lee Whitehead with receiving from Alfred Whitehead $490, stolen by Alfred Whitehead from Jeff Whitehead, "the said Alfred Whitehead having plead guilty to the offense of larceny from the house of the said money." A jury found the defendant guilty and fixed his sentence at one year. His exception here is to the overruling of his motion for a new trial.

Jeff Whitehead testified in part: that the defendant, Lee White-head, was the son of Ollie Whitehead, witness's nephew, and that

Alfred Whitehead was witness's grandson; that in June, 1929, $490 was stolen from the pocket of his trousers, which were on a chair near his bed in his house; that this occurred in Chattooga county, Ga.; that "Alfred and Lee admitted to getting the money and carrying it off down in the woods and burying it;" that Lee's father paid back to witness $90 of his money. On cross-examination this witness swore: "My money was taken Saturday before I missed it Sunday. . . Lee Whitehead said to me there in his father's presence that Alfred brought him $120, and that Alfred said keep it for him, and that he undertook to keep it for him, and had spent $120 of it; . . Lee told me at the time he didn't know where Alfred got that money. . . He said Alfred said it was his money. . . He said he took it down to the woods and buried it; and I said, why did he take it to the woods and bury it if he didn't know it was stolen money; and he said he would get the pocket-book; and finally I told him to let's go and get the pocket-book, . . and he went there and grabbed around in the woods and leaves and never got it. I had a fifty-cent Stone Mountain coin and a lot of lodge cards and receipts that had my name on them in that pocket-book." Here the State introduced in evidence a prior indictment charging Alfred and Lee Whitehead with the larceny of the same money, with Alfred Whitehead's plea of guilty thereon, and the court's sentence of ten months.

Alfred Whitehead testified, in effect, that Lee "put him up to" stealing his grandfather's money in order that they might repair an old automobile; that witness stole the money from the pocket of his grandfather's trousers, which were on a chair near the head of the old man's bed, while the latter was asleep on the bed; that he carried the money to the defendant, and he and the defendant hid it in the woods; that defendant later hid the money elsewhere, and witness never saw the pocket-book any more; that the amount of money witness gave defendant was $450; that witness had confessed the larceny, and had served his sentence for committing it; and that after the crime was committed, but before Lee was tried, Lee offered to buy a restaurant in Florida and keep witness there to run it. J. T. Whitehead, the defendant's father, testified: that a short time after the larceny was committed he asked Alfred Whitehead if Lee knew anything about the stolen money, and that Alfred said that Lee did not know anything about the money until he,

Alfred, brought it to Lee, and asked him to keep it for him until Christmas; that Alfred further stated that he told Lee that it was his money, and that Lee never told him that he had stolen the money from his grandfather; that Lee told witness that Alfred had left the money with him, and asked witness to carry it back to old man Jeff; and that witness did carry the old man $90, part of which Lee gave him, and part of which witness got from the bank. Mr. M. B. Eubanks testified: that in the summer of 1929 Alfred Whitehead told him that Lee did not know anything about the money, or where it came from, when he, Alfred, gave it to Lee; and that he, Alfred, told Lee at the time that he had won it in a game, and that it was his money.

The defendant stated to the jury that Alfred Whitehead came to defendant's shop and told of "some luck he had the night before," and said he had a little money he wanted him to keep for him, and told the defendant that he had left the money down in the woods. Defendant further stated that he and Alfred went down and got the money; that Alfred told defendant to keep the money for him, and, if he needed any, to use it, but to be sure to have it by Christmas, as he wanted it then; that defendant never knew that the money had been stolen until Alfred came to him later and said he had stolen it and wanted it; and that defendant never tried to get Alfred to go to Florida, but, on the contrary, urged him not to go.

Parks Whitehead, the father of Alfred, testified that Lee Whitehead told witness that Alfred had brought him, Lee, $120 to keep for him, but that he used $90 of it to pay a debt he owed a man in Bartow county; that witness urged Lee to produce the money, and Lee said that they would go to the woods and get the pocketbook; that witness went to the woods with Lee, but failed to find it; and that Lee finally gave witness $30 and promised to get the balance later. Arthur Bloodworth, a deputy sheriff, testified in part as follows: "I went up there and was talking to Alfred. . . When Lee came Alfred says: 'Lee, come here, . . you will have to get that money up.' And Lee says: 'What money?' And Alfred says: 'Why you know, that of grandfather's.' And Lee says: 'Alfred, you didn't give me but $120.' And Alfred says: 'I gave you the pocket-book.' Lee didn't deny Alfred had given him the pocket-book. He just says: 'You gave me $120'."

■ We think we have stated enough of the testimony adduced at the trial to show clearly that the evidence supports the verdict. Therefore we hold that the trial judge did not err in overruling the general grounds of the motion for a new trial.

■ The first special ground of the motion for a new trial alleges that the court erred in refusing to grant a continuance because of the absence of John Franklin, a material witness, who would testify that he was present when the money in question was turned over to the defendant by Alfred Whitehead, and that Alfred said he had won the money in a game, and said nothing whatever about its being stolen; that this witness had been subpœnaed in the case, but was working in Alabama and could not come to court, because he would lose his job if he did; that the witness promised the defendant "last night" that he would attend the next term of court; that defendant had no way of compelling the witness to come from the State of Alabama to testify in his case; that the case was continued at the August term by consent, and that at that time nothing was said about holding an adjourned term of court in December; and that the term at which defendant was tried was a "called term." We will state further that a fair construction of the showing made is that the witness was residing in the State of Alabama, and that it does not appear from such showing when the defendant would become a resident of Georgia. In the case of *Tolbert* v. *State,* 12 *Ga. App.* 685 (7) (78 S. E. 131), this court held: "It is not error to refuse to continue a case in order to procure the testimony of a witness who resides beyond the jurisdiction of the court." See also *Huff* v. *State,* 22 *Ga. App.* 788 (97 S. E. 200); *Watts* v. *State,* 20 *Ga. App.* 182 (92 S. E. 966); *Fudge* v. *State,* 18 *Ga. App.* 312 (89 S. E. 374); *Terry* v. *State,* 15 *Ga. App.* 108 (82 S. E. 635); Penal Code (1910), §§ 987, 992. We decide this first special ground in the language of the decision in *Jones* v. *State,* 125 *Ga.* 307 (54 S. E. 122), that "The showing which the accused made in support of his motion for a continuance because of the absence of a witness was not in accord with the statutory requirements, nor such as to warrant this court in holding that the trial judge abused his discretion in overruling the motion."

■ Special ground 2 complains that the court refused to allow in evidence "the rule for contempt against the defendant, the answer of the defendant, and the judgment acquitting him of contempt."

The rule referred to was one under which the defendant was cited to show cause why he should not be held in contempt of court for trying to induce Alfred Whitehead to go to Florida, in order that Alfred might not be used as a witness against the defendant before the grand jury at the February term, 1930, of the superior court of Chattooga county. We do not think that the rejection of this evidence is ground for a new trial.

■ Special grounds 3 and 4 complain that the trial judge erred in charging the jury to the effect that the only question for the jury to consider was whether or not the defendant knowingly received the stolen money. It is perfectly clear from the record in this case that the only defense relied on at the trial was that the defendant innocently received stolen money. Indeed, after a careful examination of the record, we are of the opinion that by the testimony of his father, J. T. Whitehead, and that of other witnesses, and by his statement to the jury, the defendant either directly or tacitly admitted each fact about which the judge is alleged to have expressed his opinion. See *Davis* v. *State*, 24 *Ga. App.* 35 (3), 37 (100 S. E. 50), and cit.

*Judgment affirmed.* *Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*