A89A1167. SMITH v. THE STATE.

(387 SE2d 419)

CARLEY, Chief Judge.

Indicted as a recidivist, appellant was tried before a jury and found guilty of aggravated assault and armed robbery. He appeals from the judgments of conviction and sentences that were entered by the trial court on the jury's verdicts of guilt.

1. Urging that the aggravated assault merged into the armed robbery as a matter of fact, appellant enumerates as error the entry of a separate judgment of conviction and sentence as to both offenses.

The evidence adduced at trial would authorize the following findings: Appellant, armed with a sawed-off shotgun, forced his way into the office of the manager of a restaurant. He brandished the gun at

the manager and demanded money. When she did not immediately comply, appellant fired the shotgun. The manager was wounded by the blast. She then gave appellant the money that he had originally demanded and he fled.

Under this evidence, there was no gratuitous violence employed against the victim in addition to that which was employed by appellant to effectuate the theft. Compare *Coaxum v. State*, 146 Ga. App. 370, 371 (3) (246 SE2d 403) (1978). The violence preceded the theft and was the means by which appellant secured the victim's compliance with his demand for the cash. Compare *Harvey v. State*, 233 Ga. 41, 42 (1) (209 SE2d 587) (1974) (violence subsequent to completed armed robbery); *Williams v. State*, 184 Ga. App. 480, 481 (2) (361 SE2d 713) (1987) (violence subsequent to completed armed robbery); *Loumakis v. State*, 179 Ga. App. 294, 297 (4) (346 SE2d 373) (1986) (violence subsequent to completed armed robbery); *Lambert v. State*, 157 Ga. App. 275 (277 SE2d 66) (1981) (violence subsequent to completed attempt to commit armed robbery). " 'Offenses merge as a matter of fact pursuant to OCGA § 16-1-6 (1) if one of them is established by proof of the same or less than all the facts required to prove the other. (Cits.) The only aggravated assault (committed by appellant) shown by the evidence in this case was that by which the commission of the armed robbery was effectuated. There having been no additional, gratuitous violence employed against the victim, it follows that the evidentiary basis for the aggravated assault conviction was "used up" in proving the armed robbery. (Cit.) The entry of separate convictions for both offenses is thus barred by OCGA § 16-1-7 (a), which prohibits multiple convictions for the same conduct. (Cits.) The aggravated assault conviction is accordingly vacated.' [Cits.]" *Kelly v. State*, 188 Ga. App. 362, 363 (3) (373 SE2d 63) (1988).

2. Appellant moved for a continuance in order that his counsel could have additional time to prepare for trial. The denial of this motion is enumerated as error.

It is well-settled that a motion for a continuance for additional time to prepare for trial addresses itself to the sound discretion of the trial court and that the exercise of that discretion will not be disturbed on appeal unless it has been clearly abused. OCGA § 17-8-22; *Pendergrass v. State*, 168 Ga. App. 190 (2) (308 SE2d 585) (1983). Counsel was appointed to represent appellant some three months prior to trial. In addition, appellant was given the assistance of a private investigator at public expense. Some ten days before trial, appellant was informed of the names and, where available, the addresses and telephone numbers of 18 potential witnesses for the State. Most of these potential witnesses were persons known to appellant, the primary accusers being his alleged accomplices in the crime. Appellant's accomplices were available to be interviewed. Moreover, on the morn-

ing of trial, their statements were produced as potentially exculpatory. Only four of the State's witnesses then lived outside of Georgia. All of these four lived in Chattanooga, Tennessee. Two were the FBI agents who had arrested appellant, and the remaining two were related to one of appellant's accomplices.

"In all cases, the party making an application for a continuance must show that he has used due diligence." OCGA § 17-8-20. Under the circumstances, the trial court was authorized to find that appellant failed to apply diligently such pre-trial time and resources as were available to him. Accordingly, it cannot be said that the trial court manifestly abused its discretion by refusing to grant appellant a continuance for additional time to prepare for trial.

3. On the third day of trial, appellant made an oral motion for a 24-hour continuance in order to obtain the testimony of an unsubpoenaed non-resident alibi witness. In addition, appellant also sought the continuance so as to obtain certain documentary evidence. The overruling of this motion is enumerated as error.

It is not error to refuse to continue a case in order to procure the testimony of a witness who resides beyond the jurisdiction of the court. *Tolbert v. State*, 12 Ga. App. 685 (7) (78 SE 131) (1913); *Whitehead v. State*, 43 Ga. App. 401 (2) (158 SE 917) (1931). As to the securing of documentary evidence, appellant "cites no authority . . . and gives no reason or rationale [as to how the trial court abused its discretion]. He therefore has abandoned this enumeration of error under Court of Appeals Rule 15 (c) (2). [Cit.]" *Mitchell v. State*, 157 Ga. App. 146 (1) (276 SE2d 658) (1981).

4. On direct examination by the State, one of appellant's accomplices gave an unresponsive answer which was to the effect that appellant "was on the run from Monroe County." Appellant moved for a mistrial on the ground that his character had been placed into issue impermissibly. The trial court denied the motion for mistrial. The trial court did, however, instruct the witness simply to answer the questions posed to her and not to interject extraneous statements. In addition, the jury was admonished to disregard the witness' remarks. The denial of the motion for mistrial is enumerated as error.

In light of all of the relevant circumstances, including independent corroboration of the accomplices' testimony by appellant's own incriminating outcry upon arrest, "we find that the trial court did not abuse its discretion in denying the motion for mistrial." *Sabel v. State*, 250 Ga. 640, 644 (5) (300 SE2d 663) (1983).

5. Appellant filed a written request to charge, the substance of which was to the effect that the testimony of an accomplice should be received with great care. The refusal to give this requested charge is enumerated as error.

The record shows that the trial court did charge the jury as to

the assessment of the credibility of *any* witness, and further instructed that independent corroboration of an accomplice's testimony is necessary before that testimony may be used to convict an accused. We find no error in the failure to give appellant's request. See *Ladson v. State*, 248 Ga. 470, 476 (9) (285 SE2d 508) (1981).

6. Pursuant to OCGA § 17-10-7 (b), appellant was given a life sentence without parole as a fourth-offender recidivist. He enumerates this sentence as erroneous.

OCGA § 17-10-7 (c) provides that "conviction of two or more crimes charged on separate counts of one indictment. . ., or in two or more indictments . . . *consolidated for trial,* shall be deemed to be only one conviction." (Emphasis supplied.) The State introduced exemplified copies of appellant's eight prior felony convictions. Because he pled guilty to each of these charges in only two court appearances, appellant urges that they were "consolidated for trial" and that he has erroneously been denied the benefit of parole as a fourth-offender recidivist. *Frazier v. State*, 155 Ga. App. 683 (272 SE2d 548) (1980) controls this issue adversely to appellant's contentions. Separate sentencing orders were entered, the sentences imposed were not uniform, and only three sentences were concurrent. Accordingly, there are at least three prior felonies which cannot be considered to have been "consolidated for trial" under OCGA § 17-10-7 (c).

Appellant further urges that the trial court erred in giving consideration to any of his prior felonies because the State failed to prove that his guilty pleas were voluntary. The record shows that the trial court in the underlying felony cases made explicit findings in six of the cases to the effect that appellant's guilty pleas were voluntarily and understandingly made, having been entered with the assistance of counsel and accepted by the trial court after its own examination of appellant in open court.

7. The conviction and sentence for aggravated assault are reversed. The conviction and sentence under OCGA § 17-10-7 (b) for armed robbery are affirmed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 17, 1989.

*Clifton M. Patty, Jr.*, for appellant.
*Ralph Van Pelt, Jr., District Attorney*, for appellee.