## A90A0537. VINEYARD v. THE STATE.

(395 SE2d 49)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of arson in the first degree. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. The admission into evidence of appellant's confession is enumerated as error. The contention is that it was induced by a hope of benefit and was, therefore, involuntary.

A polygraph examiner testified that he had told appellant that a certain detective was the person who could "help" him. Appellant relies upon this testimony as evidence that his confession was involuntary and inadmissible. When read in context, however, it is clear that the examiner was merely testifying that he had told appellant that he was not involved in the prosecution of the case and that questions should be directed to the detective. The examiner never indicated that the detective would do anything to benefit appellant, and both the examiner and the detective testified that they did not offer appellant any hope of benefit or reward. In fact, appellant's only testimony in this regard is that he was told that if someone else started the fire and he provided such information, there would be a reward. "While OCGA § 24-3-50 prohibits the introduction of a statement induced 'by the slightest hope of benefit,' the hope contemplated must be induced by another. [Cit.] . . . The trial court's findings regarding factual determinations and credibility when considering the admissibility of a confession will be upheld on appeal unless clearly erroneous. [Cit.] . . . [W]e find no error in the admission of the statement." *Bryant v. State*, 193 Ga. App. 840, 841 (2) (389 SE2d 405) (1989).

2. Appellant enumerates the general grounds, urging that the evidence is insufficient to authorize a finding that, under the circumstances, it was "reasonably foreseeable that human life might be endangered." OCGA § 16-7-60 (a) (5).

The fire was set in a carpet plant where appellant was employed. At the time the fire was set, the plant was occupied by several employees. Although a wall separated the employees from the actual fire, they were in close proximity thereto and toxic smoke filled the area.

"This evidence clearly established the reasonable foreseeability of danger to human life. . . ." *Bell v. State*, 249 Ga. 644, 646 (2) (292 SE2d 402) (1982). "[T]his constituted serious endangerment of life, and the jury, under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)], could rationally determine beyond a reasonable doubt that appellant committed this act." *Sweet v. State*, 191 Ga. App. 516, 520 (8) (382 SE2d 376) (1989).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 29, 1990.

*Ralph M. Hinman III*, for appellant.

*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney,* for appellee.