### S97A0320. MASSEY v. THE STATE.
(485 SE2d 200)

THOMPSON, Justice.

James Massey was convicted of malice murder and arson in the first degree.[1] He appeals, enumerating as error the admission into evidence of two hearsay statements.

Massey and his daughter, Melissa, lived with his mother and stepfather, Idene and Reuben McGraw. At approximately 6:30 p.m. on the day in question, Tina Brown, Massey's next door neighbor, saw Massey leave his mother's house and walk toward Faye McGraw's trailer. Melissa tried to stop Massey from leaving, but she was unable to do so. She approached Brown and told her that she needed to find a friend "to help her keep her daddy from going to her Uncle Faye's." She appeared to be scared.

Approximately 15 minutes later, Brown was standing at her kitchen window, washing dishes. She looked outside and saw Massey walking back home. He was holding his right hand, which was bloodied. Brown was still washing dishes when Melissa returned to her house and said she "was afraid that her daddy might of [sic] killed her Uncle Faye."

In the meantime, Idene drove Massey to Billy Joe Lemming's house. Idene waited in the car while Massey visited with Lemming for 15 or 20 minutes. He told Lemming that he had "just beat a man to death," adding, "I just killed the M-F."

Massey then went to see Wesley Hunter, Faye's next door neighbor. Hunter was not home, but Massey entered anyway. When Hunter came home, he encountered Massey coming out of the shower. Massey showed him his swollen hand, told him he killed Faye, and then left.

Later that evening, about 10:30 or 11:00, Massey returned to Hunter's house and told him he "needed to check on Faye." Hunter

---

[1] The crimes were committed on October 22, 1994. Massey was indicted on February 6, 1995, and charged with malice murder and arson in the first degree. A first trial ended with the declaration of a mistrial. A second trial commenced on August 28, 1995, and the jury found Massey guilty on both counts of the indictment. On August 31, 1996, the trial court sentenced Massey to serve life for murder, and 20 years consecutive for arson. Massey's timely filed motion for new trial was denied on October 9, 1996. Massey filed a notice of appeal on October 23, 1996. The case was docketed in this Court on November 19, 1996, and submitted on briefs on January 13, 1997.

led the way to Faye's trailer, went in, and found Faye lying on the couch. Faye's face was completely destroyed and he was dead. Massey retrieved a gas can from Hunter's boat, poured gas on Faye, and set him on fire.

Hunter and Massey ran from Faye's trailer, and Hunter drove Massey to Dawn Hemperly's house. Massey entered the house, took off his pants, and washed them in the sink. He appeared nervous; his hand was swollen and hurting. He stayed up all night, listening to a radio news station and looking out of the window. In the early morning hours, Massey told Hemperly that he had killed somebody.

That morning, Hunter picked Massey up and drove him to Lemming's house. Massey told Lemming that he had poured gas on Faye and "lit it."

Massey had threatened to kill Faye a number of times. He frequently told Hunter that he was going to "get" Faye, Faye's son Mike McGraw, and Todd Spears, because he thought that they killed his brother, Dennis.[2] He told a girl friend that Faye was responsible for Dennis' death and that he was going to kill him. He was seen and heard standing on his front porch and yelling in the direction of Faye's trailer, saying he would "get" him. And, on the day Faye was killed, he was overheard telling his stepfather, Reuben, that Faye was "as good as dead."

The medical examiner opined that Faye was already dead when the fire started. The cause of death was multiple force trauma to the head.

1. The evidence was sufficient to enable any rational jury to find defendant guilty beyond a reasonable doubt of malice murder and arson in the first degree. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Massey enumerates error upon the admission into evidence of the hearsay statements which Melissa made to Tina Brown. In light of the overwhelming evidence of Massey's guilt, any error in the admission of that evidence was harmless. *Johnson v. State*, 236 Ga. 519 (224 SE2d 376) (1976).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 12, 1997.

*Bruce & Hentz, Kenneth D. Bruce,* for appellant.
*Michael J. Moeller, Acting District Attorney, John P. Webb, Assis-*

---

[2] In fact, Mike McGraw admitted that he did kill Dennis. He was tried for Dennis' murder, but he was acquitted.

*tant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.