A97A2545. McCULLOUGH v. THE STATE.
(495 SE2d 338)

McMURRAY, Presiding Judge.

The District Attorney for Whitfield County, Georgia, preferred an accusation charging defendant with driving under the influence of alcohol to the extent it was less safe for him to drive, failure to stop at a stop sign, violating the open container law, and improper lane usage. The evidence adduced at his jury trial revealed the following:

Officer Bruce Jordan of the Tunnel Hill Police Department was on routine patrol at 3:00 a.m. on September 15, 1996, when he "observed a Ford van which came off the [Interstate] exit." The driver of the van "did not stop at the stop sign. He went through the stop sign at approximately five to ten miles an hour. He did not stop at the stop sign, a complete stop, at all. He wasn't even in a rolling stop." The van "proceeded east on 201. [Officer Jordan] followed the subject approximately two miles. He [the driver of the van] left the roadway on two occasions and crossed the center line on a couple of occasions.

[Officer Jordan] called in to Whitfield County S[heriff's] O[ffice] and advised them [he] was making a traffic stop of this van and [of] the tag number."

When defendant stepped out of the vehicle, Officer Jordan "immediately . . . observed that he [defendant] was very unstable on his feet. [Officer Jordan] asked [defendant] for his driver's license and proof of insurance. [Defendant] told [Officer Jordan] he didn't have any license on him. [Officer Jordan] noticed a can of beer in the vehicle [and] asked [defendant] if he had been drinking. [Defendant] advised [the officer] that he had been drinking. [Defendant] had been to Chattanooga." The open can of beer "was in between [defendant's] seat and the motor cover console. . . . There was a passenger in the right front and on the passenger side right seat in the back."

Defendant failed two field sobriety tests. A roadside breath test "register[ed] positive for alcohol content. At that point, [Officer Jordan] read [defendant] the Implied Consent." Defendant indicated he would submit to "the chemical breath test." But when officers attempted to administer a chemical breath test, defendant would not blow into the machine. Officer Jordan "told him several times he needed to take his tongue off the end of the tube. He was given approximately three chances to do this and he did not." In Officer Jordan's opinion, defendant was "very intoxicated and did not need to be on the state highways of Georgia." Officer James Sexton of the Catoosa County Sheriff's Office related the facts of a 1995 incident when he arrested defendant, leading to charges of driving under the influence of alcohol and an open container violation. At that time, defendant was "weaving over the roadway, having a hard time maintaining a single lane. . . ." Defendant "spoke with slurred speech, and he had a strong odor of alcoholic beverage about his breath and person." Defendant also "had an open bottle of [cognac] in the vehicle."

The jury found defendant guilty on each of the four counts. His motion for new trial was denied. Defendant appeals from the judgment of convictions and sentences entered by the trial court on the jury's verdicts. *Held*:

1. Defendant first enumerates the admission into evidence the circumstances of his earlier arrest. He argues that the trial court erroneously interpreted *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638) to stand for the proposition that "a DUI in any case is similar to another DUI," whereas the true test of admissibility for extrinsic crimes evidence is that enunciated by the Supreme Court of Georgia in *Barrett v. State*, 263 Ga. 533 (2) (436 SE2d 480).

*Barrett v. State*, supra, is a murder case and does not directly bear on the precise evidentiary point under review in this case. Rather, it held that the procedural error in admitting evidence of

prior difficulties between the deceased and that defendant, without first conducting the admissibility inquiry as established by Uniform Superior Court Rules 31.1 and 31.3 was not, in that instance, harmless error. Under Georgia law, the general rule is that evidence of extrinsic acts generally is legally irrelevant unless admissible for some purpose other than to show the defendant likely committed the indicted act because he committed other crimes and is, therefore, a person of bad character. OCGA §§ 24-2-2; 24-9-20 (b).

In *Kirkland*, supra, in an opinion authored by then-Presiding Judge Carley, this Court reasoned: "The type of vehicle driven or the degree or source of intoxication may vary, but it is the simple act of driving while having the status of an habitual violator or while under the influence [of alcohol] that establishes the commission of those crimes. A prior act of driving while having that status or while in that condition would, regardless of any slight variance of circumstances, be relevant to prove bent of mind or course of conduct. [Cits.]" 206 Ga. App. at 28 (3). "Evidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the perpetrator has the bent of mind 'to get behind the wheel of a vehicle when it's less safe for him to do so.'" *Fields v. State*, 223 Ga. App. 569, 570 (2), 571 (479 SE2d 393). See also *Druitt v. State*, 225 Ga. App. 150, 151 (1), 152 (3) (483 SE2d 117). In the case sub judice, the trial court did not err in admitting evidence that defendant previously drove while under the influence of alcohol, and with an open container in his car, as circumstantial proof of defendant's bent of mind and course of conduct on the night in question.

2. Defendant next contends the trial court erred in overruling his motion for continuance based on the absence of a defense witness under subpoena.

The record reflects that, before the presentation of any evidence to the jury, defendant attempted to "perfect the record," by informing the court that a witness who lives in Hixon, Tennessee, was served with a subpoena by hand; that defendant "talked to her night before last and she assured [defendant] that she would be on her way down here[, but that defendant was] not able to reach her this morning. [They were] attempting to find somebody to go get her, but [they] ha[d]n't had a lot of luck. . . ." This witness was "not absent by [defense counsel's] permission, either express or implied, and [the defense] can produce her at the next session of this court. Her testimony [was] expect[ed] to be that she was with [defendant] earlier in the evening and that he was not drinking whenever he left her and joined the other two men . . . who were in the vehicle. . . ." The trial court "indicated, we'll take a longer lunch hour, if that would help you to have him go up there, but we need to move along."

At 11:45 a.m., after the State rested, the court recessed for two hours. When the trial resumed, defense counsel informed the court, "I've got two witnesses, but we still don't have the key witness that we went looking for." Defendant then took the stand and admitted he "drank [around three beers] earlier in the evening but [he] hadn't dr[u]nk that night," not since around 4:00 p.m. Richard Jude Driscoll then testified that defendant did not drink in his presence. Richard Driscoll did not observe defendant slur speech or exhibit unsteadiness on his feet. At the conclusion of Richard Driscoll's testimony, defense counsel informed the trial court, "any other evidence would be merely cumulative and we rest."

For aught that can be seen from this recitation of the record, defendant made no formal motion for continuance, only to have the same denied. Rather, after the trial court granted a postponement in the form of an extended luncheon recess, defendant put up such evidence as he had and then stipulated to the court that any other evidence would be merely cumulative of that already adduced. Thus, there is considerable doubt whether this enumeration of error was properly perfected. "It is not error to refuse to continue a case in order to procure the testimony of a witness who resides beyond the jurisdiction of the court. *Tolbert v. State*, 12 Ga. App. 685 (7) (78 SE 131) (1913); *Whitehead v. State*, 43 Ga. App. 401 (2) (158 SE 917) (1931)." *Smith v. State*, 193 Ga. App. 208, 210 (3) (387 SE2d 419). In the case sub judice, the trial court did not err in refusing to grant a continuance in order to obtain the testimony of a witness who lived in Hixon, Tennessee, beyond the court's jurisdiction. This enumeration is without merit.

*Judgment affirmed. Smith, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur even though the trial court did not adequately limit the use the jury could make of the evidence of another DUI about 14 months earlier. McCullough does not enumerate this as error, but it should be noted because of the frequent recurrence of this practice, which in effect permits the jury to consider the similar incident for any purpose in determining the accused's guilt.

McCullough was on trial for DUI ("less safe"), failure to stop at a stop sign, open container, and improper lane usage. In advance of trial the State moved that it be permitted to present evidence of similar occurrences "to show his identity, bent of mind, motive, modus operandi, intent and course of conduct" with respect to the DUI charge. A hearing was held before the trial began, and the State argued after it presented the proposed evidence to the court that the purpose of showing the prior DUI was "to show course of conduct as

to the refusal [to take the chemical test] and as to the driving itself." The court ruled that it would be admitted.

When the trial began, the State called the officer knowledgeable about the prior occurrence as its first witness. Before he testified, the court instructed the jury that "any evidence of any prior charge or offense should not be considered in any way as to the Defendant's character, but it is admissible for purposes of showing intent, motive, disposition, method of operating, course of conduct, that kind of thing, and it would only be admissible for that purpose and not for anything else."

The officer related the details of the prior occurrence, and then both sides' evidence regarding the offenses being tried was related to the jury. In the final instructions to the jury, the court charged: "Sometimes evidence is admitted for a limited purpose. Such evidence may be considered by the jury for the sole issue or purpose to which the evidence is limited and not for any other purpose. The law provides that evidence of other transactions of this Defendant that are similar in terms of common design, scheme, plan, course of conduct, motive, or other factors, to the offense for which the Defendant is on trial in this case may be admissible and may be considered by the jury for the limited purpose of showing, if it does show, the state of mind, the motive, or the method of operation and matters of that sort. But it should not be considered by you for any other purpose. The Defendant is only on trial for this particular offense and not for any other charge."

A jury, hearing these two charges, could hardly determine the "sole" issue it could consider the evidence for, much less that it was to be considered only in connection with the DUI offense, or what issue it could not be used to support. Prior acts evidence, in order to be admissible at all, must "involve some sort of probative connection between the crime charged and the prior act." *Barrett v. State*, 263 Ga. 533, 534 (436 SE2d 480) (1993). Otherwise "the prejudicial nature of the prior act evidence will outweigh its probative value." Id. Its relevance must "*outweigh*[] its prejudicial impact." (Emphasis in original.) *Oller v. State*, 187 Ga. App. 818, 819 (2) (371 SE2d 455) (1988).

In other cases decided by this Court, prior DUIs have been permitted as relevant to prove bent of mind or course of conduct. See, e.g., *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638) (1992) ("bent of mind or course of conduct"); *Blane v. State*, 195 Ga. App. 504 (1) (393 SE2d 759) (1990) ("course of conduct"); *Simon v. State*, 182 Ga. App. 210, 211 (1) (355 SE2d 120) (1987) ("course of conduct and bent of mind"); *Kilgore v. State*, 176 Ga. App. 121 (1) (335 SE2d 465) (1985) ("course of conduct").

The majority opinion in this case rules that the evidence was

allowable as circumstantial proof of McCullough's "bent of mind and course of conduct" on the night of the offenses on trial. Even if these are legitimate bases for allowing this evidence as connecting the prior DUI with the incident on trial, the two instances of instructing the jury as to the use of this evidence were not so limited and in fact were so broad as to permit virtually unlimited consideration. See *Stephan v. State*, 205 Ga. App. 241, 242 (2) (422 SE2d 25) (1992).

DECIDED JANUARY 7, 1998.

*Millard G. Gouge*, for appellant.
*Kermit N. McManus, District Attorney, Mark P. Higgins, Jr., Assistant District Attorney*, for appellee.