## A98A0661. ROBINSON v. THE STATE.
### (498 SE2d 579)

BIRDSONG, Presiding Judge.

Gregory Robinson appeals his conviction of two counts of trafficking in cocaine in violation of the Georgia Controlled Substances Act. He enumerates six errors. *Held*:

1. Appellant contends the trial court erred in denying his motion for directed verdict as no evidence was presented by the State identifying him as the person who committed the crimes charged in the indictment. We disagree.

"[T]he proper test when sufficiency of the evidence is challenged by a motion for directed verdict of acquittal is the 'reasonable doubt' test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Wilburn v. State*, 199 Ga. App. 667 (1) (405 SE2d 889). In resolving this issue an appellate court can consider all the evidence in the case. See, e.g., *Bethay v. State*, 235 Ga. 371, 373 (1) (219 SE2d 743).

The indictment establishes that Gregory Robinson was charged and accused with the counts therein. The trial record reveals a State's witness verified in the jury's presence that he had occasion to set up a controlled buy from the defendant, Gregory Robinson. Also, appellant was introduced both by his counsel and by the trial judge to the jury as Gregory Robinson, the defendant, and appellant did not repudiate either of these statements of fact. See generally *Bonilla v. State*, 204 Ga. App. 424 (1) (419 SE2d 495) (admission in judicio in closing argument); *Tolbert v. State*, 12 Ga. App. 685, 686 (9) (78 SE 131). Also, there was concordance between appellant's name and that of the person charged in the indictment. " 'Concordance of name alone is some evidence of identity.' " *Mincey v. State*, 186 Ga. App. 839, 841 (4) (368 SE2d 796). " 'Identity of name presumptively

imports identity of person, in the absence of any evidence to the contrary.'" *Hunt v. State*, 219 Ga. App. 741, 744 (3) (466 SE2d 894). In the absence of evidence to the contrary, this presumption remains unchallenged. Thus, there existed ample evidence from which the jury could conclude, under a *Jackson v. Virginia* standard, that appellant was the same person as named in the indictment.

Further, one of the purposes of arraignment is to identify the person on trial and raise an issue by plea. *Wells v. Terrell*, 121 Ga. 368 (2) (49 SE2d 319). When the person accused of committing the crimes, upon being arraigned, causes a not guilty plea to be entered on the minutes of the court, the arraignment and plea shall constitute the issue between the accused and the state. OCGA § 17-7-94. It would appear, based on a presumption of regularity of court proceedings, that a defendant who has been duly arraigned and who has entered a not guilty plea to the charge(s) has been adequately identified as the person named in the indictment in the absence of a timely objection as to the accuracy of his identification as the person named in the indictment. Appellant did not raise any issue during arraignment that he was not the person named in the indictment. However, in view of our holding above, we need not consider whether the proper recourse of a defendant who asserts he is not the person named in the indictment is to raise timely, by motion of misnomer (see OCGA § 17-7-112) or motion to quash, the issue of his identity.

2. Appellant contends the trial court erred in admitting in evidence the cocaine seized at Forest Path House and at the Hardin Court address; however, appellant does not make any specific allegation that the evidence was tampered with, or that the evidence seized was not, in fact, that analyzed and subsequently admitted in evidence. Compare *Williams v. State*, 199 Ga. App. 122, 123 (2) (404 SE2d 296). The trial court did not abuse its discretion in admitting the cocaine in evidence. Contrary to appellant's contentions, examination of the trial transcript reveals that an adequate foundation was laid for the admissibility of this seized contraband. "To show a chain of custody adequate to preserve the identity of fungible evidence, the State has the burden of proving with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The State need not foreclose every possibility of tampering, however, and need only show 'reasonable assurance' of the identity of the evidence." *Stone v. State*, 229 Ga. App. 367, 369 (1) (494 SE2d 48). The testimony of the officers who seized the evidence regarding the manner in which it was safeguarded and kept in the evidence safe until it was transported to the crime laboratory, coupled with the testimony of the crime laboratory expert who analyzed the evidence and delivered it to the district attorney's office, was sufficient to establish the requisite chain of custody.

Assuming arguendo that the officers did *not*, as to every fact to which they testified, have an independent recollection of the procedure used and that they relied on the chain of custody documents, which either were completed by themselves or by others either in or out of their presence, to refresh their memories does not demand a different result. Compare *Byrd v. State*, 182 Ga. App. 284, 287 (6) (355 SE2d 666); *Woodward v. City Council &c.*, 117 Ga. App. 857 (162 SE2d 304); *Bridges v. Mut. Benefit &c. Assn.*, 49 Ga. App. 552, 553 (2) (176 SE2d 543); *Smith v. The Morning News*, 99 Ga. App. 547, 549 (1) (109 SE2d 639).

Moreover, in viewing the totality of the testimony of Sergeant Miller, Sergeant Dillon and Ms. Ali, we find that the chain of custody standard as to each item at issue has been met with reasonable certainty. Compare *Anderson v. State*, 247 Ga. 397, 399 (2) (276 SE2d 603).

3. Appellant's contention that the crime laboratory expert's testimony was based on hearsay, because she did not personally test the cocaine control sample that she used during ultraviolet spectroscope and gas chromatograph and mass spectrometry testing, is without merit. The control sample had been tested by others in the crime laboratory and determined to be cocaine; although she did not test the sample herself, the expert had personally observed the results of the analytical tests of the control sample which she thereafter employed. "[W]here an expert personally observes data collected by another, his opinion is not objectionable merely because it is based in part on the other's findings." *Walker v. State*, 228 Ga. App. 509, 511 (2) (493 SE2d 193). Moreover, "mere contradiction of a recognized expert's method of conducting a scientifically acceptable test is not fatal to admissibility"; an expert "does not have to testify to the validity of every step that went into the formulation of her results as a foundation for their admissibility." *Orr v. State of Indiana*, 472 NE2d 627, 633-634 (2) (Ind. App.). Where, as here, the expert is available for full and searching cross-examination, the failure of the expert to test independently the control sample, after observing its analytical test results, goes only to the weight of the evidence and not to its admissibility. See *Walker*, supra; *Orr*, supra.

4. Appellant's contention that his conviction should be vacated because the trial court allowed Sergeant Dillon to introduce improper character evidence and hearsay against him, by allowing the officer to read his police report in evidence, is without merit. We find that the holding in *Gadson v. State*, 264 Ga. 280, 281 (3) (444 SE2d 305) resolves this issue adversely to the appellant.

Additionally, assuming error had occurred as enumerated, we find such error would have been harmless as it is highly probable, in view of the overwhelming evidence of appellant's guilt (including his

pretrial incriminating statements), that any such error would not have contributed to the verdict. See generally *Ragan v. State*, 264 Ga. 190, 192-193 (3) (442 SE2d 750).

5. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the two offenses of trafficking in cocaine of which he was found guilty. *Jackson v. Virginia*, supra.

6. Pretermitting whether appellant's trial counsel was ineffective for failing to advise him to testify in a *Jackson-Denno* hearing regarding the circumstances surrounding the pretrial statements appellant made to a law enforcement officer is the question whether such conduct if it had occurred would, in this instance, establish the required second prong of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674). We conclude that it would not. The trial court in denying appellant's motion for new trial expressly determined that the testimony of Sergeant Dillon, at both the trial and during the *Jackson-Denno* hearing regarding the circumstances surrounding the incriminating pretrial statements of appellant, was more credible than the testimony of appellant at the motion for new trial hearing. The trial court expressly found that Sergeant Dillon did not tell the defendant that if he cooperated with the police, he would not be prosecuted. Assuming arguendo, appellant had testified at the *Jackson-Denno* hearing, his incriminating pretrial statements to Sergeant Dillon still would have been admitted, and there exists no reasonable probability that the result of his trial would have been different. Thus, even assuming trial counsel's performance was deficient (which we do not find), appellant has failed to show that a reasonable probability exists that such a deficient performance would have prejudiced his defense, as required by the second prong of *Strickland*, supra.

Additionally, the trial court found that "the defendant failed to carry his burden of proving that [his trial counsel] was ineffective and but for [counsel's] alleged deficiencies the defendant would have been acquitted." These findings must be upheld unless erroneous (*Harris v. State*, 268 Ga. 412, 413 (490 SE2d 96)), which we find they are not. This enumeration is without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 19, 1998

*Kendal D. Silas*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Lawrence Delan, Assistant District Attorneys*, for appellee.