## A98A1678. SMITH v. THE STATE.
### (505 SE2d 858)

BLACKBURN, Judge.

Gary Smith appeals the trial court's order re-sentencing him to life in prison based upon his conviction of armed robbery. Smith contends that the trial court erred by: (1) allowing a private attorney to participate in the re-sentencing hearing as the district attorney pro tem in violation of OCGA § 15-18-5 (a), and (2) sentencing him to life imprisonment instead of a determinate sentence of specified months or years.

This is the second appearance of this case before us. In *Smith v. State*, 193 Ga. App. 208 (387 SE2d 419) (1989), this Court affirmed Smith's conviction for armed robbery but reversed his conviction for aggravated assault finding that the latter merged into the armed robbery conviction. Id. at 209 (1). Smith was originally sentenced as a recidivist; however, the convictions upon which the recidivist count was based were subsequently reversed. As a result, the trial court held the re-sentencing hearing which is the subject of this appeal.

1. Smith contends that the trial court erred by allowing a private attorney, David Dunn, to participate in the re-sentencing hearing, as the district attorney pro tem, despite the presence of the district attorney. At the beginning of the re-sentencing hearing, the State directed the trial court to an order entered by the Catoosa County court which appointed Dunn as a Special Assistant or District Attorney pro tem. The State requested that such order be continued for the purposes of the re-sentencing hearing. The trial court allowed Dunn to participate, noting that Dunn had represented the State during Smith's trial.

OCGA § 15-18-5 (a) pertinently provides that "[w]hen a district attorney is absent, indisposed, or is disqualified from interest or relationship to engage in a prosecution, the presiding judge, as the emergency, in his discretion, requires, may . . . [a]ppoint a competent attorney of the circuit to act in his place." In a previous case involving substantially the same issue we determined that "[t]he propriety of the appointment is largely in the discretion of the trial court and the appellate courts will not interfere with that discretion unless it is abused." *Mach v. State*, 109 Ga. App. 154, 156 (135 SE2d 467) (1964). We held that the trial court therein did not abuse its discretion in allowing a private attorney to assist the solicitor general before the grand jury. Id. at 157-158. Therein, we reasoned that the private attorney was appointed as an assistant solicitor general merely to assist the solicitor general, not to act in the place of the solicitor general. Id. at 157. Similarly, the trial court's action in the present case was not precluded by OCGA § 15-18-5, which refers to the appointment of a *district attorney*, not an assistant district attorney.

Furthermore, the trial court did not abuse its discretion in allowing Dunn to represent the State during the re-sentencing hearing. Smith's trial occurred over ten years prior to the re-sentencing hearing, and Dunn is the former assistant district attorney who represented the State during Smith's trial. Dunn also represented the State during Smith's initial appeal despite the fact that at the time of such appeal, Dunn was no longer an assistant district attorney, but was in private practice. Under these facts, we find no abuse of the trial court's discretion in appointing Dunn to assist the State during the re-sentencing hearing.

2. In his second enumeration of error, Smith contends that the trial court erred in sentencing him to life imprisonment rather than a specific number of years or months. He argues that because he was eligible for a determinate sentence the trial court should have so sentenced him. However, OCGA § 16-8-41 (b) allows for the sentence of life imprisonment for armed robbery, even without considering the recidivist count. Smith also argues that, at the time of his conviction, OCGA § 17-10-1 (a) would have required that he be sentenced to a determinate number of years in the absence of the recidivist count. However, as Smith recognizes, this issue has been decided adversely to him in *Worley v. State*, 265 Ga. 251 (1) (454 SE2d 461) (1995). Furthermore, Smith fails to provide this Court with a sufficient basis upon which to distinguish *Worley*, supra. Therefore, we find this enumeration without merit.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 2, 1998.

*Clifton M. Patty, Jr., Christopher C. Young*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Melodie S. Bedford, Assistant District Attorney*, for appellee.