## A01A0733. CARVER v. THE STATE.
(548 SE2d 629)

JOHNSON, Presiding Judge.

Jimmy Carver appeals from his conviction of possessing cocaine. He challenges the sufficiency of the evidence supporting the conviction and the trial court's admission of evidence of a similar transaction. Because the challenges are without merit, we affirm Carver's conviction.

1. On appeal from a criminal conviction, we review the evidence in the light most favorable to the verdict and no longer presume that the appellant is innocent; moreover, we only determine the sufficiency of the evidence and do not weigh the evidence or determine witness credibility.[1] In reviewing the sufficiency of the evidence, we decide whether a rational trier of fact could have found beyond a reasonable doubt that the appellant is guilty of the crime charged.[2]

In the instant case, the evidence shows that police officers executed a search warrant at the home of Carver and his wife, Rita Carver. When the officers entered the house, they found Carver and a woman named Regina Henderson near the kitchen, and Rita Carver was in the living room. The officers immediately secured the Carvers. But Henderson ran into the Carvers' master bedroom, where an officer apprehended her.

The officers then searched the house. In the Carvers' master bedroom, on top of a dresser, they found a spoon with white powder residue on it, along with a jewelry box containing 1.4 grams of cocaine and syringes. Also in the bedroom, the officers discovered a purse containing syringes and vials filled with liquid, digital scales, a skull-shaped pipe, a box of unopened syringes, a gun, two switchblade knives, and a container of a substance commonly mixed with cocaine to lessen its purity.

The state also introduced evidence of Carver's prior drug conviction. That similar transaction evidence showed that about four years

---

[1] *Robinson v. State*, 231 Ga. App. 368, 371 (5) (498 SE2d 579) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Robinson*, supra.

earlier, police officers executed a search warrant at the Carvers' house. In the house, the officers found the Carvers and a third person. The officers searched the Carvers' master bedroom, where they discovered methamphetamine, marijuana, scales, vials containing methamphetamine residue, a spoon, hypodermic needles, and several guns. The similar transaction evidence also included Carver's statement to police that he had been selling methamphetamine for about a year.

Having reviewed the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found Carver guilty beyond a reasonable doubt of possessing the cocaine found in his and his wife's bedroom.[3] The similar transaction evidence was sufficient to negate Carver's claim of equal access.[4] Because the jury's verdict is supported by sufficient evidence, Carver's conviction is affirmed.

2. Carver claims that the court erred in admitting the similar transaction evidence because its prejudice outweighed its probative value. Contrary to this claim, the circumstances surrounding the prior and current drug offenses are so similar that the trial court did not abuse its discretion in admitting evidence of the prior crime to show identity, intent, motive, modus operandi, plan, scheme, and course of conduct.[5] The court properly found that the probative value was not outweighed by the prejudice of such evidence.[6]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 21, 2001.

*Michael R. McCarthy*, for appellant.
*Kermit N. McManus, District Attorney, Susan L. Franklin, Assistant District Attorney*, for appellee.

---

[3] See *Carlisle v. State*, 242 Ga. App. 253, 254-255 (1) (529 SE2d 385) (2000).
[4] See *White v. State*, 225 Ga. App. 74, 76 (3) (483 SE2d 329) (1997).
[5] See *Smith v. State*, 232 Ga. App. 290, 291-297 (1) (501 SE2d 523) (1998).
[6] Id.