## A05A2320. PLESS v. THE STATE.
(626 SE2d 613)

JOHNSON, Presiding Judge.

After a jury trial, Gerald Pless was found guilty of arson in the first degree. He appeals from the conviction entered on the jury's verdict, challenging the sufficiency of the evidence and the trial court's admission of similar transaction evidence. His contentions are without merit, so we affirm his conviction.

On appeal from a criminal conviction, we review the evidence in the light most favorable to the verdict and no longer presume that the appellant is innocent; moreover, we only determine the sufficiency of the evidence and do not weigh the evidence or determine witness credibility.[1] In reviewing the sufficiency of the evidence, we decide whether a rational trier of fact could have found beyond a reasonable doubt that the appellant is guilty of the crime charged.[2]

So viewed, the evidence shows that Tammy Grant owned a business complex at 1630 Jonesboro Road in Atlanta. Her husband, Edward Grant, managed the property. On July 18, Tammy Grant sent

---

[1] *Carver v. State*, 248 Ga. App. 718 (1) (548 SE2d 629) (2001).

[2] Id.

a letter to one of the business tenants, Valerie Williams, notifying her that Williams' lease could be terminated because Williams was no longer operating a videotape rental business and she was conducting illegal activities on the premises. Williams received the letter on or about July 27, 2002. On July 29, Pless, who was Williams' boyfriend, confronted Edward Grant behind the strip mall and threatened to "f*** my place and my building up."

On August 2, Tammy Grant gave Williams notice that her lease was being terminated. During the early morning hours of August 3, the complex caught fire and was severely damaged.

Anthony Floyd, an acquaintance of Pless, testified that on the morning of the fire, he saw Pless use a golf club to break two windows out at the complex. Pless ran away and returned to the business complex a couple of hours later. Floyd watched as Pless threw one object into a window at the complex, a second object into another window, and a third object onto the roof. The building became immediately engulfed in flames. Later that morning, Floyd saw Pless and Kennedy Carroll standing behind the building as firefighters battled the fire. As Floyd stood behind the men, he heard Pless boasting to Carroll about how he started the fire, that he wished Edward Grant had been inside, and how he wished he had blown up the entire place.

Carroll testified that Pless often talked about hurting Edward Grant. Pless said he was "going to catch [Edward Grant] in his place of business and . . . burn him up in that business." Pless shared his detailed plan with Carroll. Pless also asked Carroll to help him burn down the building.

The night before the fire, Carroll saw Pless with a golf club. Pless remarked, "tonight is the night." Carroll went to sleep in a house about a half block away from the business complex. Around 1:00 a.m. and then at about 3:00 a.m. Pless banged on the door and yelled to Carroll, "Come on, let's go, man, you know what's up." Carroll refused. At about 5:00 a.m., Carroll was awakened by a loud "boom" that shook his windows. About two hours later, he went outside and saw that the strip mall was on fire. Carroll walked closer to the scene. Pless approached Carroll and told him, "I told you I was going to do this, man." Pless told him the details about how he had burned the complex and how he wished Edward Grant had been there.

An official with the fire department testified that the complex fire was intentionally set with an incendiary device containing a flammable liquid. A second officer testified about Pless' prior conviction for criminal damage to property for intentionally setting fire to an ottoman on the porch of a residence at 1455 Jonesboro Road in Atlanta. That fire occurred in April 2000 at 3:00 a.m. Pless had been

charged with arson in the case, but pled guilty to criminal damage to property as a lesser included offense.

1. Pless contends the evidence was not sufficient to support the conviction for arson in the first degree because the fire damaged a business complex in the early morning hours, and the state failed to prove that it was reasonably foreseeable that human life was endangered.

OCGA § 16-7-60 (a) (5) provides, in relevant part, that a person commits the offense of first degree arson when, by means of fire, he knowingly damages a building under such circumstances that it is reasonably foreseeable that human life might be endangered.

There was evidence that people were sometimes on or near the business complex premises after hours. For example, Edward Grant testified that Williams and Pless were actually living in the building. And Pless remarked that he wanted to burn Edward Grant up in that business, and that he was sorry the manager was not in the building at the time of the fire. Moreover, the residence in which Carroll slept was only a half block away from the fire, and Carroll testified that the explosion shook the windows of the residence. An investigator with the fire department testified that the strip mall was surrounded by homes, other businesses, and a gas station, and that the fire presented a danger to residents, the public, and firefighters. There being evidence that it was reasonably foreseeable that human life might be endangered, this enumeration is without merit.[3]

2. Pless complains that the court erred in admitting evidence of his criminal damage to property conviction when the earlier incident was not sufficiently similar to the charged offense, and the state failed to prove he was responsible for setting the earlier ottoman fire.

Even were we to assume, arguendo, that the two fires committed on the same street and possibly both involving the use of accelerants were not sufficiently similar, and that a bystander's indication to police that Pless was responsible for the prior fire was not sufficient to prove his identity (despite his guilty plea), any error was harmless.[4]

Other evidence in the case, including Pless' statement to others before the fire was set that he planned to burn the building, his statement afterward that he set the fire and was sorry the manager

---

[3] See *Bell v. State*, 163 Ga. App. 672, 675-676 (4) (295 SE2d 147) (1982) (danger to human life foreseeable where abandoned warehouse set on fire, since defendant knew persons frequented building, knew some people were in the building at the time, and said he did not care if they got hurt in the fire); see also *Vineyard v. State*, 195 Ga. App. 788-789 (2) (395 SE2d 49) (1990) (danger to human life foreseeable in carpet plant, even though wall separated employees from fire, since they were in close proximity to fire and toxic smoke filled area).

[4] See *Newland v. State*, 258 Ga. 172, 176 (4) (366 SE2d 689) (1988).

was not inside at the time, a witness' statement that he saw Pless breaking out windows to the property and tossing objects into and atop the building just before the fire started, and an investigator's testimony that the fire was intentionally started with an incendiary device, overwhelmingly establishes that Pless was responsible for committing the offense charged in this case. Any error in admitting evidence of the ottoman fire was clearly harmless.[5]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED JANUARY 27, 2006.

*Maurice Brown*, for appellant.

*Paul L. Howard, Jr., District Attorney, David K. Getachew-Smith, Assistant District Attorney*, for appellee.

---

[5] See id.; *Massey v. State*, 268 Ga. 36, 37 (2) (485 SE2d 200) (1997).