### 68975. VERBLE et al. v. THE STATE.
(323 SE2d 239)

DEEN, Presiding Judge.

Ricky Verble and Jerry Hill were convicted of solicitation of sodomy and appeal following the denial of their motion for a new trial.

1. Appellants claim they relied upon a defense of entrapment and that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that entrapment did not exist.

The State's evidence was presented through the testimony of a single witness, the arresting officer, D. M. Brown. Officer Brown contacted appellants while investigating advertisements placed in "Cruise" magazine which by their language and terminology led Brown to believe that persons placing such ads were advertising "sex for hire." Brown contacted appellants through a telephone number listed in one of the ads and arranged for a meeting at a motel room. The officer further testified that upon request he gave each defendant $60, asked what he was to receive for his money, and that both men then offered to perform sodomy on him. The men were immediately arrested.

"A person commits the offense of solicitation of sodomy when he solicits another to perform or submit to an act of sodomy." OCGA § 16-6-15 (Code Ann. § 26-2003). "A person is not guilty of a crime if, by entrapment, his conduct is induced or solicited by a government officer or employee, or agent of either, for the purpose of obtaining evidence to be used in prosecuting the person for commission of the crime. Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." OCGA § 16-3-25. There is no entrapment when the officer merely furnished an opportunity to a person who is ready to commit the offense. *Hill v. State*, 225 Ga. 117, 119 (166 SE2d 338) (1969).

It is the function of the jury to determine the credibility of witnesses and weigh conflicts in the evidence. On appeal, the evidence is viewed in a light most favorable to the jury's verdict. *Laws v. State*, 153 Ga. App. 166 (264 SE2d 700) (1980). In the instant case, the court charged the entrapment defense and, after reviewing the evidence, we find that a rational trier of fact could find beyond a reasonable doubt that the officer merely furnished appellants an opportunity to solicit

sodomy and that they were also guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Sanders v. State*, 246 Ga. 42 (268 SE2d 628) (1980).

2. The trial court did not err in permitting Officer Brown, over objection, to take the witness stand after the State's case had been concluded. On direct examination the officer testified he contacted the defendants from a telephone number found in "Cruise" magazine which was either in his possession or mentioned by another officer. He admitted he wasn't sure if the magazine had ever been in his possession, but he knew he was not presently in possession of it because if he ever had it he had discarded it. After the State closed its case, the court permitted it to reopen and have the officer identify a copy of the magazine and its contents.

After the defense has rested, the State has the right to call rebuttal witnesses to refute or explain any or all of the defendant's evidence and the trial court has the discretion to admit the relevant evidence at any stage in the trial even where it is not actually in rebuttal of the defense testimony. *Price v. State*, 160 Ga. App. 245, 246 (286 SE2d 744) (1981). In the present case, appellant Verble was shown the "Cruise" magazine advertisement from which Brown obtained the telephone number and testified he was "totally unfamiliar" with it. The officer was recalled solely to rebut Verble's testimony and testified that the number listed in the police report was the same as the one in the advertisement and that he reached appellants at that number. We find no abuse of the trial court's discretion.

3. It was not error for the trial court to admit a copy of "Cruise" magazine into evidence despite appellants' contention that it should not have been admitted under the "Best Evidence Rule." As stated in Division 2 above, the police officer either did not possess or keep the original magazine from which he obtained the telephone number. Officer Brown also testified the issue of the magazine presented at trial was identical to the original.

"The best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." OCGA § 24-5-4 (a) (Code Ann. § 38-203). The question of the inaccessibility of primary or best evidence so that secondary evidence should be admitted is within the trial court's discretion. *Mulkey v. State*, 155 Ga. App. 304 (270 SE2d 816) (1980). Duplicate originals are admissible as primary evidence under OCGA § 24-5-26 (Code Ann. § 38-710) without accounting for the originals. *Strickland v. Foundation Life Ins. Co.*, 129 Ga. App. 614 (200 SE2d 306) (1973). As copies of magazines of the same issue are usually duplicates of the original and the officer testified that the issue in question was identical to the one from which he obtained the telephone number, we find no error in the trial court's ruling.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

Decided October 5, 1984.

Charles R. Desiderio, Mark P. Ellis, for appellants.
James L. Webb, Solicitor, Christina A. Craddock, Donald C. English, Assistant Solicitors, for appellee.