A92A0061. WHEELER v. THE STATE.
(418 SE2d 112)

SOGNIER, Chief Judge.

Margaret Wheeler was convicted of selling cocaine, and she appeals.

1. Appellant contends the trial court erred by failing to recharge the jury on reasonable doubt after one juror, during the polling of the jury, stated that the guilty verdict was "not really" her own but that she "went along with the group." The transcript also reflects that the juror stated she agreed with the verdict but had "my reasons why," which apparently varied from the other jurors' reasons. The trial judge, who had fully instructed the jury on reasonable doubt during the original charge, explained the polling process to the jury and recharged the jury about the need for unanimity, stressing that a juror "should never surrender honest convictions or opinions in order to be congenial or to reach a verdict solely because of the opinions of the other jurors." The trial court followed proper established procedure by ordering the jury to resume deliberations. See *Hudson v. State*, 157 Ga. App. 71, 72-73 (3) (276 SE2d 122) (1981); *Rosser v. State*, 156 Ga. App. 463, 464 (2) (274 SE2d 812) (1980). Thereafter, the jury returned with a unanimous guilty verdict.

We find no error in the trial court's refusal to recharge the jury on reasonable doubt as requested by appellant's counsel. *Creamer v. State*, 229 Ga. 704, 708-709 (4) (194 SE2d 73) (1972). The recharge did not involve points which were favorable to the State and thus did not leave an erroneous impression in the minds of the jury. See *Walker v. State*, 198 Ga. App. 422, 423-424 (2) (401 SE2d 613) (1991).

2. Appellant contends the trial court erred by admitting testimony by Susan Strickland, a crime lab scientist, regarding tests per-

formed on a perforated beer can (used as a device for smoking crack cocaine) because the State had not provided appellant with a copy of the test results pursuant to her written demand filed in accordance with OCGA § 17-7-211 (b). The transcript reveals that appellant was charged with selling to Peter Denton, an undercover police officer, two pieces of a substance Strickland identified at trial as crack cocaine. During direct examination of Jeff Youngblood, the police officer who had provided backup support for Denton during the sale, the prosecutor inquired into a search warrant the officer had obtained shortly after the sale and executed at the house where the sale occurred. The prosecutor's questions were directed toward establishing that appellant was present in the house at the time of the search. On cross-examination, however, defense counsel asked about the results of the search. Youngblood testified that he seized drug paraphernalia in the form of a perforated beer can and, in response to detailed questioning, he described the can and explained where it was found in the house. In response to defense counsel's questions Youngblood stated that he gave the can to Strickland at the crime lab, and that Strickland currently had the can with her.

The beer can in issue was introduced on redirect by the State and identified by Youngblood. He then was excused, and the State recalled Strickland. When the prosecutor asked Strickland whether she had performed tests on the beer can, appellant objected on the basis that appellant had not received copies of the test results. The trial court overruled the objection, and Strickland testified that based on the tests she performed, she found the residue inside the beer can to be cocaine.

OCGA § 17-7-211 provides in pertinent part: "(b) [i]n all criminal trials, . . . the defendant shall be entitled to have [upon proper written request] a complete copy of any written scientific reports in the possession of the prosecution which will be introduced in whole or in part against the defendant by the prosecution in its case-in-chief *or in rebuttal*. . . . (c) Failure by the prosecution to furnish the defendant with a copy of any written scientific report, when a proper and timely written demand has been made by the defendant, shall result in such report being excluded and suppressed from evidence in the prosecution's case-in-chief *or in rebuttal*." (Emphasis supplied.) It is not controverted that the test results in issue were in the possession of the prosecution and constituted the type of written scientific reports subject to OCGA § 17-7-211.

The admission of the challenged evidence was error. We find utterly without merit the State's argument that admission of the test results was proper because appellant "opened the door" to that evidence by cross-examining Youngblood about the beer can. Aside from the fact that the State introduced the topic of the search by question-

ing Youngblood about it on direct and that defense counsel asked the officer only about the beer can itself, not about any substance on the can or any tests performed on it, OCGA § 17-7-211 expressly precludes the State from using *in rebuttal* the evidence in written scientific reports not provided pursuant to a defendant's written timely demand. Rebuttal evidence necessarily addresses itself to matters introduced by the defendant since its purpose is to refute or explain any or all of the defendant's evidence. See generally *Verble v. State*, 172 Ga. App. 321, 322 (2) (323 SE2d 239) (1984).

However, "[w]hen properly admitted evidence of guilt is so overwhelming as to negate the possibility that the tainted evidence contributed to the verdict, the error may be harmless ([cit.]), and we find it so here." *Harvill v. State*, 190 Ga. App. 353, 356 (3) (378 SE2d 917) (1989). Appellant was charged with selling two pieces of crack cocaine to an undercover police officer, Denton. Denton positively identified appellant as the person who sold him the cocaine, the State proved the chain of custody of the purchased contraband, and Strickland's testimony established that the items Denton purchased were cocaine. Appellant cannot complain about the introduction of the drug paraphernalia evidence since that matter was elicited by the defense. See *Burrell v. State*, 171 Ga. App. 648, 649 (2) (320 SE2d 810) (1984). Contrary to appellant's argument, Strickland's testimony that residue inside the beer can was cocaine was merely cumulative of Youngblood's testimony, earlier admitted without objection, that the beer can had been tested by the crime lab and that it "c[a]me back positive for cocaine." See generally *Brooks v. State*, 193 Ga. App. 559, 560-561 (1) (388 SE2d 386) (1989); *Burton v. State*, 191 Ga. App. 822, 825 (7) (383 SE2d 187) (1989).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 7, 1992.

*Timothy L. Eidson*, for appellant.
*David E. Perry, District Attorney, Melinda I. Ryals, Assistant District Attorney*, for appellee.