## A98A0314. EZZARD v. THE STATE.
(495 SE2d 620)

JOHNSON, Judge.

An inmate at the DeKalb County Jail told detectives he had information regarding Vernon Ezzard's connection to three stolen police ballistic vests and an engine block which had been removed from a U-Haul truck and installed in a 1972 Chevrolet. After verifying a number of details related by the inmate, police obtained a search warrant for the address which had been identified as the house where Ezzard lived. The house is owned by Ezzard's parents. Ezzard, his girl friend, their three children and Ezzard's parents were present when the police arrived to execute the search warrant. Responding to a question by police, Ezzard's father pointed out Ezzard's room. Police found crack cocaine on a chest of drawers and on the television set, as well as five scales, ziplock bags, razor blades, three safes, a police scanner, six pagers, and two guns. Under the bed they found a briefcase containing four pagers, $9,050 in cash, a digital scale, plastic bags and three letters addressed to Ezzard at that location. A search of the Chevrolet, conducted after the keys were found on Ezzard, revealed three types of bullets, razor blades and glass beakers.

Ezzard was indicted on charges of theft by receiving motor vehicle components, possession of cocaine with intent to distribute, and possession of a firearm by a convicted felon. Prior to trial, the theft charges were dropped. The trial judge directed a verdict of acquittal on the firearm charge, and the jury returned a verdict of guilty on the offense of possession of cocaine with intent to distribute, from which Ezzard now appeals.

1. Contrary to Ezzard's assertion, the trial court did not commit harmful error in denying his motion to reveal the informant. "Public policy in Georgia favors nondisclosure of the identity of an informant in the interest of the free flow of information about criminal activity. The identity of a mere tipster is privileged, but where the informer is a witness or participant, or has entrapped a defendant into committing a crime, disclosure could be material to the defense. This court has held numerous times that disclosure of an informant's identity was required where the informant was a witness or participant

whose testimony would be the only testimony available to amplify or contradict that of the police officer or the defendant." (Citations and punctuation omitted.) *Simmons v. State*, 208 Ga. App. 721, 723 (1) (431 SE2d 721) (1993).

As in *Simmons*, it is uncontroverted in this case that the inmate who provided the information to the police was not a witness to, or participant in, the criminal activity for which Ezzard was being tried. Compare *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957), in which the informant had taken a material part in the commission of the crime. In fact, the theft charges which had been precipitated by the information from the inmate had been dropped prior to trial. See *Hamilton v. State*, 210 Ga. App. 496, 498 (2) (436 SE2d 500) (1993).

Contrary to Ezzard's assertion in his brief, the trial court is not necessarily required to conduct an in-camera hearing on this issue. The trial court concluded after hearing argument prior to trial that the inmate was a mere tipster and not a material or necessary witness. After such a determination has been made, no further inquiry by the trial court is required. *Thornton v. State*, 238 Ga. 160, 165 (2) (231 SE2d 729) (1977); *Skipworth v. State*, 185 Ga. App. 636, 638 (3) (365 SE2d 284) (1988). The trial court did not abuse its discretion in denying Ezzard's motion to reveal the identity of a confidential informant. See *Brinson v. State*, 188 Ga. App. 214, 215 (1) (372 SE2d 487) (1988); *Gilmore v. State*, 168 Ga. App. 76, 77 (308 SE2d 232) (1983).

2. Ezzard also contends the evidence was insufficient to support his conviction. Specifically, Ezzard argues that the state failed to prove that he lived in the room in which the drugs and drug paraphernalia were found. Ezzard presented evidence at trial that he no longer lived with his girl friend and three children in his parents' home. The state, however, introduced evidence to the contrary. "[O]n appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. Conflicts in the testimony of the witnesses is a matter of credibility for the jury to resolve." (Citations and punctuation omitted.) *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Because there was evidence presented from which a jury could have determined that Ezzard did stay in the room in which the drugs and other drug paraphernalia were found, we conclude on appeal that the evidence was sufficient as to that issue.

Relying on *Burge v. State*, 103 Ga. App. 682 (120 SE2d 200) (1961), Ezzard argues that in this case, based on circumstantial evidence, the evidence equally supported his theory that the drugs belonged to his girl friend. "In order to sustain the judgment of con-

viction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. Whether this burden has been met is a question for the jury." (Citations and punctuation omitted; emphasis in original.) *Aleman v. State*, 227 Ga. App. 607, 609 (1) (489 SE2d 867) (1997). The jury, having been charged on actual and constructive possession and informed that constructive possession may be sole or joint, rejected Ezzard's hypothesis that the drugs belonged solely to his girl friend. This Court will not disturb the jury's determination unless the verdict is insupportable as a matter of law. See *Noble v. State*, 225 Ga. App. 470, 471 (484 SE2d 78) (1997). Compare *Grant v. State*, 227 Ga. App. 243, 245 (488 SE2d 763) (1997). Because the verdict in this case meets the criteria of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), it will not be disturbed.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JANUARY 9, 1998.

*Bruce S. Harvey, David S. West*, for appellant.

*J. Tom Morgan, District Attorney, Benjamin M. First, Maria Murcier, Assistant District Attorneys*, for appellee.