A98A1637. IVORY v. THE STATE.
(508 SE2d 421)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of a single count of violating the Georgia Controlled Substances Act. The evidence revealed the following:

On the evening of February 6, 1994, Special Agent Michael Anthony Oliver, a narcotics agent with the Georgia Bureau of Investigation, along with Special Agent Dalton, used a confidential informant ("CI"), who "pointed out [defendant's] . . . brown- or rust-colored Cadillac . . . at the red light . . ., and said that he knew who it was and that he was probably holding something, . . . meaning that he [defendant] might have some crack cocaine on him. . . . [T]he CI hollered out the window to [defendant], [who was] sitting on the passenger side. It was a . . . female driving with real short hair. [Defendant] leaned up and looked over to see who was calling him, and that's when the CI asked him did he have anything, meaning . . . did he have any crack cocaine. . . . [Defendant] told us to follow him. . . . [Special Agent Oliver] observed the tag number [on defendant's car] which was PWK466."

"[They] arrived at Whispering Pines Trailer Park. Both vehicles

parked. [Defendant] got out of his car, walked up to . . . Agent Dalton's vehicle. [Agent Oliver] and the CI got out. The CI introduced [Agent Oliver] to [defendant] as his cousin, . . . and said, . . . that [the cousin] wanted a sixteenth, which means a sixteenth of a[n] ounce of crack cocaine. [Defendant] stated that he didn't have a whole piece, meaning one solid piece that weighed up to a sixteenth of a[n] ounce . . ., but he had five pieces that he would let the agent have for a hundred dollars. . . . Once he stated that, [Agent Oliver] and the CI and [defendant] walked over to [defendant's] vehicle. [Defendant] sat down in the passenger seat of his vehicle, reached up under the seat and pulled out a brown piece of paper . . . [which] contained five pieces of off-white substance of suspected crack cocaine." Defendant gave the brown piece of paper containing the crack cocaine to Agent Oliver, who then gave defendant one "hundred dollars in official state funds." Katherine Lee, a forensic chemist with the Georgia Bureau of Investigation State Crime Laboratory in Macon identified the five off-white cubes as crack cocaine. Hazel Kersey of the Houston County Tax Commissioner's Office confirmed that Georgia Tag number PWK466 is registered to "a 1980 Cadillac Eldorado belonging to [defendant]."

Defendant presented evidence that, in early February 1994, his car was not operable "because it didn't have a motor in it, . . . [and that] on the 6th, that was that Sunday when [he] went to Powersville [with friends]." Nevertheless, the jury found defendant guilty as charged. A prior appeal was dismissed as untimely. Pursuant to the grant of an out-of-time appeal, defendant appeals from the order of the trial court denying his motion for new trial. *Held*:

1. Defendant first enumerates the general grounds.

"The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. In the case sub judice, Special Agent Oliver's in-court identification of defendant as the seller is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of selling crack cocaine as alleged in the indictment. *Flemister v. State*, 229 Ga. App. 8 (1) (492 SE2d 907).

2. Next, defendant contends the trial court erred in denying his written pretrial motion to require the State to reveal the identity of the confidential informant, because that person was a participant and not a mere tipster. The trial court conducted the in camera interview with the confidential informant contemplated in *Moore v. State*, 187 Ga. App. 387, 388 (2) (370 SE2d 511), and concluded that "there is nothing exculpatory that the informant would know [and so] there's no reason at this time for the identity of the informant to be revealed."

"In determining if the CI's identity should be revealed by the State, the trial court must conduct a two-step hearing. Initially, the trial court should hear evidence to determine: (a) that the confidential informant is an alleged informer-witness or informer participant whose testimony appears to be material to the defense on the issue of guilt or punishment; (b) that the testimony for the prosecution and the defense is or will be in conflict; and (c) that the CI was the only available witness who could amplify or contradict the testimony of these witnesses. Once this threshold has been met, the trial court must conduct an in camera hearing of the CI's testimony [and apply the balancing test] set forth in *Thornton* [*v. State*, 238 Ga. 160 (231 SE2d 729)], and *Moore* [*v. State*, 187 Ga. App. 387, 388 (2), 389], supra." (Emphasis omitted.) *Grant v. State*, 230 Ga. App. 330 (1), 331 (496 SE2d 325).

In the case sub judice, defendant's female friend was the driver of defendant's vehicle and was in a position to be an additional witness as defendant returned to the vehicle and removed the cocaine from under the seat of the car. "Therefore, while there was evidence that the CI was either an informer-witness or informer-participant, and that the testimony of the prosecution and the defense was in conflict, the CI was not the only witness in a position to amplify or contradict the testimony of the defendant and the [special agent]. . . . The threshold requirements of the first step of the [inquiry] were not met, and there was no error in the trial court's refusal to require the State to reveal the identity of the CI." (Emphasis omitted.) *Grant v. State*, 230 Ga. App. 330 (1), 332, supra. Moreover, defendant testified he thought he knew the confidential informant, in which case, he could have demanded the court employ compulsory process to obtain the presence and testimony of a known witness. *Gilbert v. State*, 212 Ga. App. 308, 310 (4) (441 SE2d 785).

3. Defendant proffered impeachment evidence from Travis Williams that, at 4:55 p.m., i.e., at the same time defendant was allegedly selling crack cocaine to Special Agent Oliver at the Whispering Pines Trailer Park, Travis Williams sold marijuana to Agent Dalton accompanied by Agent Williams at Travis Williams' residence "[a]t 113 Jackson Street . . . [o]ff Welborn Road about pretty close to Russell Parkway . . . [which is] six or seven miles . . . [and about] 20 minutes . . ." from Whispering Pines Trailer Park. It was undisputed that these two sales were transacted consecutively on February 6, 1994, but Travis Williams had no independent "personal recollection of what time . . . it [the sale] was[,]" but relied on the time of day stated on his indictment. The trial court excluded Travis Williams' testimony as irrelevant and this evidentiary ruling is enumerated as error.

"[A] witness must have actual knowledge of a fact before it is

proper to allow him to testify positively as to the existence of such fact. Code [Ann.] § 38-301 [now OCGA § 24-3-1]." *State Hwy. Dept. v. Wilkes*, 106 Ga. App. 634, 636 (2), 637 (127 SE2d 715) (overruled on other grounds, *State Hwy. Dept. v. Howard*, 119 Ga. App. 298, 303 (167 SE2d 177)). In the case sub judice, Travis Williams offered no competent evidence as to the exact time he sold marijuana to Agents Dalton and Oliver, and so offered nothing to impeach Agent Oliver about the time of defendant's sale of crack cocaine earlier that same day. See *In the Interest of J. C.*, 163 Ga. App. 822 (2) (296 SE2d 117). The trial court did not abuse its discretion in excluding this inadmissible evidence.

4. Defendant's fourth enumeration contends the trial court erred in overruling his motion for new trial on the special ground of ineffective assistance of trial counsel. He complains that trial counsel (defendant's third lawyer in the case) did not file pretrial motions, did not give him copies of those motions, did not interview the police, and did not call the confidential informant and other witnesses.

"When inadequate representation is alleged, the critical factual inquiry ordinarily relates to whether the defendant had a defense which was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; and whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy. Generally, the burden is on the defendant . . . to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citations and punctuation omitted.) *Johnson v. State*, 214 Ga. App. 77 (1) (447 SE2d 74).

"In the case sub judice, 'it is not necessary to address specifically and individually each and every one of (defendant's) numerous instances of challenged trial tactics. It is sufficient to note that "strategic choices (made) after thorough investigation . . . are virtually unchallengeable." *Strickland (v. Washington*, 466 U. S. 668, 690 (104 SC 2052, 80 LE2d 674)). (Cit.)' *Stephens v. State*, 265 Ga. 120, 121 (2), 122 (453 SE2d 443). 'We have reviewed the transcript of that hearing (at which trial counsel testified [and defended his decisions]) and find [ample] evidence to support the trial court's conclusion that (defendant) failed to show ineffectiveness under the standards of *Strickland v. Washington,* (supra). See also *Ferrell v. State*, 261 Ga. 115, 119 (3) (401 SE2d 741) (1991).' *Scott v. State*, 263 Ga. 300 (2) (432 SE2d 107)." *Flemister v. State*, 229 Ga. App. 8 (2), supra. This enumeration

is without merit.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED OCTOBER 26, 1998.

*Elizabeth Lane*, for appellant.

*Kelly R. Burke, District Attorney, Jeffrey L. Wolff, Assistant District Attorney*, for appellee.