## A99A0839. JONES v. THE STATE.
### (525 SE2d 121)

SMITH, Judge.

Steven Jones was indicted and convicted on one count of violation of the Georgia Controlled Substances Act. He filed a motion for new trial, which was denied. Jones now appeals. Finding no reversible error, we affirm.

1. Jones contends the evidence was insufficient to convict him. Construed to uphold the jury's verdict, evidence was presented that Agent Ballard with the Cherokee Multi-Agency Narcotics Squad (CMANS) drove to an area in Cherokee County, known as "The Cut," to make an undercover purchase of crack cocaine. After Ballard, driving a white Corsica, arrived in the area around 4:40 p.m., a man he later identified as Jones motioned for him to drive "further up into 'The Cut,' " approached his car, and asked what he wanted. Ballard described the man as wearing a jacket with "some type of 'V' shape on it." Ballard testified he told the man he wanted to buy $20 worth of crack cocaine and that the man "produced an off-white rock substance that was identified as crack cocaine" and gave it to him in exchange for a $20 bill.[1] Ballard stated that approximately ten other people were between fifteen and twenty feet from his vehicle at the time of the purchase. Through use of a video recording device inside his car, Ballard videotaped the transaction.

Although at the time of the purchase Ballard did not know the

---

[1] A forensic chemist positively identified the substance as cocaine.

name of the man who sold him the cocaine, he went back to his office after the sale occurred and identified the man through a confidential informant. After learning his name, Ballard obtained a photograph of Jones, compared it to images on the videotape, and concluded that the individual depicted in the photograph was the same person shown making the transaction on the tape. Jones was arrested approximately one month later. At trial, Ballard positively identified Jones as the individual from whom he purchased the cocaine. We find this evidence, particularly Ballard's positive identification of Jones at trial, sufficient to authorize a rational trier of fact to convict Jones under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Robinson v. State*, 232 Ga. App. 280, 281 (4) (501 SE2d 536) (1998).

2. Jones also enumerates as error the trial court's refusal to disclose the identity of the confidential informant who assisted Ballard in learning Jones's identity.

The trial court conducted a pre-trial, in-camera hearing on the issue of whether the informant's identity should be revealed to Jones. The informant testified during this hearing that he had been working for CMANS and was standing in "The Cut" when he saw a white Corsica drive into the area. He saw an individual leave a group of approximately ten people, walk about ten feet to the car, and engage in conversation with the car's occupant. The informant stated that the individual left the car "and got some drugs from another person and then took them back to" the car's occupant. He stated that he knew "who went to the car" and that he was contacted after the transaction and was asked the identity of the individual who was wearing a jacket with a "V" on it. The informant never expressly stated during the hearing that the individual who walked to the car and provided drugs to its occupant was Jones. But the informant did testify that he knew Jones and acknowledged that he knew the identity of the man from whom Jones obtained the drugs. When asked whether Jones knew everyone in the group in which he was standing before the transaction, the informant testified that Jones "would have known everybody that was up there." The trial court refused to disclose the name of the informant.

We find no error in the trial court's refusal to reveal the informant's identity. As required by *Thornton v. State*, 238 Ga. 160, 165 (2) (231 SE2d 729) (1977), the trial court conducted a hearing concerning Jones's motion to reveal the informant's identity. During a hearing on such a motion, a trial court must determine, among other things, whether the testimony of the informant is the only testimony that will amplify or contradict that of the government's witnesses. See, e.g., *Harvey v. State*, 232 Ga. App. 21, 23 (500 SE2d 916) (1998). Also, the court must decide whether the movant has satisfied the

burden of showing that the informant's testimony is material and whether the testimony for the State and that of the defendant will be in conflict. Id.

Here, the State's evidence and that of Jones did not conflict, for Jones introduced no evidence. Also, the informant was not the only witness in a position to amplify or contradict the testimony of the State's witness, Ballard. The informant's testimony during the in-camera hearing shows instead that Jones knew everyone standing nearby and could have called these people as witnesses on his own behalf. Consequently, the trial court did not err in denying Jones's motion to disclose the identity of the informant. See *Ivory v. State*, 234 Ga. App. 858, 860 (2) (508 SE2d 421) (1998).

But even assuming that the informant was the only witness who actually observed the transaction, disclosure was not automatically required, for Jones has not shown the materiality of the informant's testimony. The testimony of the informant during the in-camera hearing basically corroborated Ballard's trial testimony. Despite the fact that Ballard simply stated that Jones "produced" crack cocaine when Ballard expressed his desire to purchase the substance, while the informant indicated that Jones first obtained the drugs from another individual, both Ballard and the informant implicated Jones as the person who handed the drugs to Ballard. Under these circumstances, the informant's testimony at trial would not have exculpated Jones, and Jones has therefore demonstrated no harm in the trial court's refusal to disclose the informant's identity. See *Boatright v. State*, 195 Ga. App. 440-441 (1) (393 SE2d 707) (1990).

3. Jones contends the trial court erroneously permitted the videotape made by Ballard to go out with the jury.[2] The videotape briefly depicts a man outside a car making a hand-to-hand exchange with the occupant of the car. Over Jones's objection, the court observed that the videotape did not have audio and concluded that the continuing witness objection would not apply. Because the videotape was not a document and contained no statements or testimony, the trial court permitted the videotape to be taken to the jury room.

While our law gives a trial court discretion in deciding whether to replay evidence under the controlled conditions of the courtroom, see *Barnett v. State*, 204 Ga. App. 588, 589 (1) (420 SE2d 96) (1992), the State has cited no case law giving the trial court the discretion to allow the jury to replay evidence in the jury room. But even if the trial court erred, reversal is not required in this case, for "when properly admitted evidence of guilt is so overwhelming as to negate the

---

[2] The trial court, however, did not permit an audiotape, apparently made simultaneously with the videotape, to go out with the jury.

possibility that the tainted evidence contributed to the verdict, the error may be harmless." (Citation and punctuation omitted.) *Wheeler v. State*, 203 Ga. App. 831, 833 (418 SE2d 112) (1992). Ballard positively identified Jones as the person from whom he purchased a substance identified at trial as cocaine. Given this overwhelming evidence of Jones's guilt, we cannot say that any error by the trial judge in allowing the videotape to go with the jury to the jury room constituted reversible error.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 9, 1999.

*Gregory A. Hicks, James K. Luttrell*, for appellant.

*Garry T. Moss, District Attorney, Scott T. Poole, Rachelle L. Strausner, Assistant District Attorneys*, for appellee.