A04A0725. RESPRESS v. THE STATE.
(600 SE2d 727)

MILLER, Judge.
    William S. Respress was convicted of trafficking in cocaine. Following the denial of his motion for new trial, Respress appeals, challenging the sufficiency of the evidence and the trial court's failure to require the State to reveal the identity of its informant. We discern no error and affirm.
    1. Respress first challenges the sufficiency of the evidence. On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and Respress no longer enjoys the presumption of innocence. *Gray v. State*, 260 Ga. App. 197 (581 SE2d 279) (2003). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find Respress guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
    Viewed in the light most favorable to the verdict, the evidence showed that drug task force agents used a confidential informant to arrange the purchase of nine ounces of cocaine from Respress. Agents set up surveillance and observed Respress meet with the confidential

informant at the designated location. Respress then drove away and returned shortly thereafter with three passengers. When Respress returned, agents conducted a "takedown" of the vehicle and its passengers and discovered a large amount of cocaine in the driver's side back seat, on the passenger side floorboard, and between the front seats. Agents retrieved more than 120 grams of cocaine from Respress's vehicle. A video and an audiotape of the transaction were played for the jury.

Respress argues that the evidence was insufficient to sustain his conviction because there was no evidence that he knew or should have known that the cocaine was in the vehicle, as there were four passengers and the cocaine was in the rear of the vehicle where all passengers had equal access.

"The equal access rule 'entitles a defendant to acquittal where (1) the sole evidence of his possession of contraband is his possession of a vehicle in which the contraband is found and (2) others had equal access to the part of the vehicle where the contraband was found or the vehicle had been in the possession of others in the recent past.' " (Citation omitted.) *Kantorik v. State,* 257 Ga. App. 828, 829 (2) (572 SE2d 690) (2002); see also *Susman v. State,* 256 Ga. App. 94, 95 (1) (567 SE2d 736) (2002). Here, Respress's possession of the vehicle was not the sole evidence of his possession of the drugs, as other evidence showed that the confidential informant arranged the purchase of the drugs from Respress only. "Where there is evidence other than 'equal access' to connect an accused to the contraband, it is for the jury to determine guilt or innocence." (Citation omitted.) *Phillips v. State,* 259 Ga. App. 331, 333 (3) (577 SE2d 25) (2003). The evidence sufficed to sustain the conviction.

2. Respress argues that the trial court erred in failing to require the State to reveal the identity of its confidential informant. We disagree.

> In determining if the [confidential informant's] identity should be revealed by the State, the trial court must conduct a two-step hearing. Initially, the trial court should hear evidence to determine: (a) that the confidential informant is an alleged informer-witness or informer[-]participant whose testimony appears to be material to the defense on the issue of guilt or punishment; (b) that the testimony for the prosecution and the defense is or will be in conflict; and (c) that the [confidential informant] was the only available witness who could amplify or contradict the testimony of these witnesses. Once this threshold has been met, the trial court must

conduct an in camera hearing of the [confidential informant's] testimony. . . .

(Citations and punctuation omitted.) *Ivory v. State*, 234 Ga. App. 858, 860 (2) (508 SE2d 421) (1998).

Here, although the confidential informant was an informer-witness and/or an informer-participant, the State's evidence and Respress's evidence did not conflict, as Respress introduced no evidence. See *Jones v. State*, 240 Ga. App. 745, 747 (2) (525 SE2d 121) (1999). Moreover, the informant's testimony would not have been material to the defense, as the evidence indisputably showed that cocaine was found in Respress's vehicle. See *Harvey v. State*, 232 Ga. App. 21, 23 (500 SE2d 916) (1998). Therefore, "[t]he threshold requirements of the first step of the inquiry were not met, and there was no error in the trial court's refusal to require the State to reveal the identity of the [confidential informant]." (Citation and punctuation omitted.) *Ivory*, supra, 234 Ga. App. at 860 (2).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 2, 2004.

*Darrell B. Reynolds, Sr.*, for appellant.

*William T. McBroom III, District Attorney, Autumn L. West, Assistant District Attorney*, for appellee.