## S06A1851. RADFORD v. THE STATE.
### (637 SE2d 712)

THOMPSON, Justice.

Appellant Frederick Lee Radford was convicted and sentenced for felony murder and possession of a firearm during the commission of a crime. This appeal follows the denial of appellant's motion for new trial.[1] We affirm.

1. On February 3, 2005, appellant and a companion were walking through a Wendy's parking lot, when they were approached by the victim, Anthony Hicks. A brief argument ensued, and in the course of this argument, appellant drew a gun and fired shots — two of which struck the victim in the chest and killed him. Appellant left the parking lot and went to a hotel across the street, where he was later apprehended by police. Appellant told police that he did not have his

---

[10] Id. at 427.

[1] The crime occurred on February 3, 2005. Radford was indicted on July 15, 2005, and charged with malice murder, felony murder, two counts of aggravated assault, and two counts of possession of a firearm during the commission of a crime. On February 1, 2006, a jury found Radford guilty of felony murder, one count of aggravated assault, and two counts of possession of a firearm during the commission of a crime. The State nolle prossed the remaining counts of malice murder and aggravated assault and the trial court merged one count of possession of a firearm during the commission of a crime into the other. The trial court sentenced Radford to life for the murder and five consecutive years on the possession charge. Radford filed a motion for new trial on February 28, 2006, and amended the motion on May 16, 2006. After a hearing, the trial court denied the amended motion on June 8, 2006. Appellant filed a notice of appeal on June 20, 2006, which was docketed in this Court on July 7, 2006, and submitted for decision on the briefs on August 28, 2006.

gun and that it was in the trash. Police subsequently found appellant's weapon in a trash receptacle across the street. Two eyewitnesses informed police that they observed the shooting and both identified appellant as the shooter.

We find this evidence sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder and possession of a firearm during the commission of a crime. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant maintains he was not afforded effective assistance of counsel at trial. In this regard, appellant contends that trial counsel was ineffective in failing to produce evidence that before he fatally shot the victim, appellant had been diagnosed as a paranoid schizophrenic. To show ineffective assistance of counsel, a defendant must show that his trial counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). There is a strong presumption that trial counsel provided effective representation and, generally, matters of reasonable trial strategy do not amount to ineffective assistance of counsel. See *Berry v. State*, 267 Ga. 476 (4) (480 SE2d 32) (1997). A trial court's findings of fact on a claim of ineffective assistance of counsel should be upheld, unless they are clearly erroneous. See *Washington v. State*, 276 Ga. 655 (3) (581 SE2d 518) (2003). A reviewing court weighs the effectiveness of trial counsel's performance from counsel's perspective at the time of trial. See *Grier v. State*, 273 Ga. 363 (4) (541 SE2d 369) (2001).

At the hearing held on appellant's motion for new trial, a registered nurse, who was employed by the mental health clinic where Radford went periodically for treatment, testified that Radford had come to the clinic on the day of the shooting to obtain medication to control his schizophrenic symptoms, and that, although Radford was improving from the medication he had been receiving, he had not reached the point of stabilization. Additionally, the nurse's supervisor, an expert witness on the subject of paranoid schizophrenia, testified that persons with that illness have delusions that people are trying to hurt them, are very sensitive to perceived threats to their environment, and display a sense of distrust and vulnerability, even when they are on medication.

Also at the hearing, trial counsel testified that he was an experienced criminal defense attorney at the time of appellant's case. After gathering information relevant to appellant's condition, trial counsel concluded that if he had presented evidence of appellant's mental health, it would have detracted from what he believed to be the core issue in the case — self-defense. He also believed that, under Georgia law, appellant was not insane. See OCGA §§ 16-3-2 and

16-3-3. Trial counsel acquired appellant's medical history, spoke to appellant in detail about his mental health, and interviewed appellant's medical care provider. After speaking to appellant about his condition, counsel and appellant agreed to pursue the claim of self-defense.

We conclude that counsel's choice of trial strategy was not unreasonable, and therefore, counsel's performance was not deficient. The evidence fails to demonstrate that counsel's decision to forego an insanity defense was unreasonable. Compare *Harris v. State*, 279 Ga. 304 (612 SE2d 789) (2005) (holding that trial counsel did not act unreasonably in failing to raise the issue of the defendant's mental health at trial) with *Fortson v. State*, 277 Ga. 164 (587 SE2d 39) (2003) (holding that trial counsel acted unreasonably in using a peremptory strike on a juror who had already been excused for cause).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 20, 2006.

*Patricia F. Angeli*, for appellant.

*Jewel C. Scott, District Attorney, Melvin E. Abercrombie, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.