## A07A1444. CAULEY v. THE STATE.
(652 SE2d 586)

ELLINGTON, Judge.

A Houston County jury found Melvin Cauley guilty beyond a reasonable doubt of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b). Following the denial of his motion for a new trial, Cauley appeals, challenging the sufficiency of the evidence, contending that the trial court erred in denying his motion to compel disclosure of an informant's identity, and arguing that he received ineffective assistance of counsel.[1] For the following reasons, we affirm.

1. Cauley contends the State failed to disprove his defense of equal access and, therefore, the trial court erred in denying his motion for a directed verdict of acquittal.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). The standard of *Jackson v. Virginia* is met if the evidence is sufficient for any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime charged. *Clark v. State*, 275 Ga. 220, 221 (1) (564 SE2d 191) (2002).

Viewed in the light most favorable to the verdict, the evidence showed the following. On November 5, 2003, a Warner Robins narcotics investigator received a telephone call from a person whom he knew as a reliable informant. The informant told the investigator that a person known as "Rusty" would be transporting a large amount of drugs, including cocaine, in a gray Mitsubishi Montero. The informant told the investigator that the Montero was currently located at a certain detailing shop. The investigator went to that location and watched the Montero until Cauley retrieved the keys

---

[1] In earlier proceedings, we reversed the trial court's order granting Cauley's motion to suppress contraband seized during a search of his vehicle. See *State v. Cauley*, 282 Ga. App. 191 (638 SE2d 351) (2006).

and drove away alone in the Montero. Officers followed the car until Cauley parked at an apartment complex.

The investigator approached Cauley and told him there was a complaint that Cauley had drugs in the vehicle. Cauley denied having drugs in the vehicle and stated that someone had borrowed his car all day. The investigator requested Cauley's consent to search the Montero. Cauley never granted or refused permission but asked several questions about why the investigator wanted to search the car. An officer learned that Cauley was on parole and contacted Cauley's parole officer. Cauley's parole officer came to the scene and initiated a search of the Montero, pursuant to the consent to search clause in the conditions of Cauley's parole.

The investigator seized the following contraband from Cauley's car: approximately twenty grams of solid cocaine, packaged together with four razor blades and hidden under the radio, another package of four razor blades in the center console, and a scale of the type commonly used in the drug trade. In the trunk, officers also found approximately eight grams of powder cocaine and several items commonly used to convert powder cocaine into solid cocaine, including a box of baking soda, a bottle of inositol powder, and a measuring cup.

The State also presented evidence of a similar transaction. On February 18, 1995, Cauley reported to the Richmond County Sheriff's Office that he had been robbed. During the course of the investigation, officers searched the vehicle Cauley had been driving and found approximately ten grams of solid cocaine, approximately eleven grams of powder cocaine, inositol powder, and a package of four razor blades. In connection with that offense, Cauley pled guilty to possession of cocaine with intent to distribute.

Cauley argues that the State failed to rebut his showing that others had equal access to his vehicle just before the discovery of the contraband and, therefore, that he was entitled to a directed verdict of acquittal.

> The equal access rule entitles a defendant to acquittal where (1) the sole evidence of his possession of contraband is his possession of a vehicle in which the contraband is found and (2) others had equal access to the part of the vehicle where the contraband was found or the vehicle had been in the possession of others in the recent past.

(Citations and punctuation omitted.) *Respress v. State*, 267 Ga. App. 654, 655 (1) (600 SE2d 727) (2004). "Where there is evidence other

than equal access to connect an accused to the contraband, it is for the jury to determine guilt or innocence." (Citation and punctuation omitted.) Id.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Cauley guilty beyond a reasonable doubt of possessing the cocaine found in his vehicle. In addition to Cauley's ownership and possession of the vehicle where the contraband was found, the similar transaction evidence showed that Cauley had previously admitted possessing an almost identical array of drugs and drug processing paraphernalia. This was additional evidence that he knowingly possessed the cocaine in his vehicle and was sufficient to rebut his claim of equal access. See *Carver v. State*, 248 Ga. App. 718, 718-719 (1) (548 SE2d 629) (2001) (similar transaction evidence, showing that four years earlier police officers found methamphetamine, marijuana, scales, vials containing methamphetamine residue, a spoon, hypodermic needles, and several guns in the defendant's bedroom, negated the defendant's claim that another person had equal access to cocaine found in his bedroom together with digital scales, weapons, a container of a substance commonly mixed with cocaine to lessen its purity, a spoon with white powder residue on it, syringes, and a pipe). Because the jury's verdict is supported by sufficient evidence, Cauley's conviction is affirmed. Id. at 718 (1).

2. Cauley contends the trial court erred in denying his motion to compel the State to reveal the identity of the informant who told the police that there were drugs in Cauley's vehicle. In a related argument, Cauley contends the trial court abused its discretion in ruling on his motion without conducting an in camera examination of the informant.

> Public policy in Georgia favors nondisclosure of the identity of an informant in the interest of the free flow of information about criminal activity. The identity of a mere tipster is privileged, but where the informer is a witness or participant, or has entrapped a defendant into committing a crime, disclosure could be material to the defense. This court has held numerous times that disclosure of an informant's identity was required where the informant was a witness or participant whose testimony would be the only testimony available to amplify or contradict that of the police officer or the defendant.

(Citations and punctuation omitted.) *Ezzard v. State*, 230 Ga. App. 147, 147-148 (1) (495 SE2d 620) (1998).

In determining if [a] confidential informant's identity should be revealed by the State, the trial court must conduct a two-step hearing. Initially, the trial court should hear evidence to determine: (a) [whether] the confidential informant is an alleged informer-witness or informer-participant whose testimony appears to be material to the defense on the issue of guilt or punishment; (b) [whether] the testimony for the prosecution and the defense is or will be in conflict; and (c) [whether] the confidential informant was the only available witness who could amplify or contradict the testimony of these witnesses.

(Citation and punctuation omitted.) *Respress v. State*, 267 Ga. App. at 655 (2). If this threshold is met, the trial court must then conduct an in camera hearing of the informant's testimony and balance "the public interest in protecting the flow of information to law enforcement officials" against "the right of the accused to a full and fair opportunity to defend himself." *Thornton v. State*, 238 Ga. 160, 164 (2) (231 SE2d 729) (1977).

In this case, Cauley's counsel stated at the hearing on the motion to reveal the identity of the informant that she had "witnesses that are prepared to testify that there are certain individuals that have made promises to send Mr. Cauley back to prison and that have stated that there was going to be a set-up involving drugs being planted in the vehicle." Having received no *evidence* that the informant witnessed or participated in the placement of the drugs and drug paraphernalia in Cauley's vehicle, the trial court reasonably concluded that the caller was a mere tipster and not a material or necessary witness. "After such a determination has been made, no further inquiry by the trial court is required." (Citations omitted.) *Ezzard v. State*, 230 Ga. App. at 148 (1). See also *Thornton v. State*, 238 Ga. at 165 (2) ("if the trial court initially determines that the informer was merely a pure tipster, his identity would be privileged, and no further inquiry would be necessary"). The trial court did not abuse its discretion in declining to hold an in camera hearing and in denying Cauley's motion to reveal the identity of the informant. *Ezzard v. State*, 230 Ga. App. at 148 (1).

3. Cauley contends he did not receive effective assistance of counsel at trial.

To show ineffective assistance of counsel, a defendant must show that his trial counsel's performance fell below an objective standard of reasonableness and that the deficient

performance prejudiced the defense. There is a strong presumption that trial counsel provided effective representation and, generally, matters of reasonable trial strategy do not amount to ineffective assistance of counsel. A trial court's findings of fact on a claim of ineffective assistance of counsel should be upheld, unless they are clearly erroneous. A reviewing court weighs the effectiveness of trial counsel's performance from counsel's perspective at the time of trial.

(Citations omitted.) *Radford v. State*, 281 Ga. 303, 304 (2) (637 SE2d 712) (2006). See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

Cauley contends his counsel's performance was deficient in failing to object to the investigator's testimony regarding the hearsay statements of the informant. Pretermitting whether the trial court would have sustained an objection to the evidence,[2] we conclude that any deficiency did not prejudice Cauley's defense. As related by the investigator, the informant merely indicated that drugs would be in Cauley's car and did not provide any other information linking Cauley to the contraband. The evidence regarding the informant's call was consistent with Cauley's defense that someone framed him by planting the contraband in his car while it was at the detailing shop and then calling in the tip.

Cauley further contends his counsel's performance was deficient in failing to object to evidence that Cauley was on parole. The jury learned that Cauley previously pled guilty to possession of cocaine with intent to distribute from the similar transaction evidence. See Division 1, supra. In addition, Cauley's parole officer testified about the search of Cauley's car. As trial counsel observed at the hearing on Cauley's motion for a new trial, the jury was likely to deduce that Cauley was on parole from the fact that a parole officer initiated the search. We find counsel's decision not to object to the evidence was reasonable.

Finally, Cauley contends his counsel's performance was deficient in failing to object to evidence that Cauley did not consent to the search of his vehicle, which he characterizes as constitutionally protected pre-arrest silence. As trial counsel explained, she believed that evidence that Cauley did not refuse to consent to the search of his vehicle, but instead asked why he was being stopped, "would point not toward guilt but towards innocence" because, to her, saying "no" to a

---

[2] Police conduct is not an issue in need of explanation by means of hearsay testimony merely because a confidential informant has provided information which initiates an investigation. *Weems v. State*, 269 Ga. 577, 579 (2) (501 SE2d 806) (1998).

search "would look like something a guilty person would say." Pretermitting whether Cauley's response to the investigator's request to search constituted "pre-arrest silence," we find no deficiency in counsel's reasonable strategic decision that the evidence was consistent with Cauley's defense.

For all these reasons, Cauley's ineffective assistance of counsel argument provides no basis for reversal. *Whitaker v. State*, 269 Ga. 462, 465-466 (4) (499 SE2d 888) (1998).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED OCTOBER 1, 2007.

*A. James Rockefeller*, for appellant.
*Kelly R. Burke, District Attorney, George H. Hartwig III, Timothy M. Marlow, Assistant District Attorneys*, for appellee.