## A08A0883. STEWART v. THE STATE.
(663 SE2d 278)

ADAMS, Judge.

John Clifford Stewart was tried and convicted of false imprisonment, of aggravated assault, of terroristic threats, and on two counts of cruelty to children. On appeal he contends the State failed to disprove his affirmative defense of involuntary intoxication and that, as a result, the evidence was insufficient to support the convictions.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

(Citations and punctuation omitted.) *Brown v. State*, 265 Ga. App. 613 (594 SE2d 770) (2004). To sustain a conviction, the evidence must be sufficient to enable a rational trier of fact to find the appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Construed in favor of the verdict, the evidence shows that Stewart went to Deborah Whitener's home around midnight and accosted her and held her captive by threatening her with a knife. When she called out for help, two minor cousins and her mother forcefully opened the door. The mother called the police, who, upon arrival, witnessed the same scene. After using a crisis negotiator and a distraction explosion, the officers eventually disarmed Stewart and arrested him.

Stewart's defense was based on Georgia's involuntary intoxication statute, which provides:

> (a) A person shall not be found guilty of a crime when, at the time of the act, omission, or negligence constituting the crime, the person, because of involuntary intoxication, did not have sufficient mental capacity to distinguish between right and wrong in relation to such act.
>
> (b) Involuntary intoxication means intoxication caused by:
>
> (1) Consumption of a substance through excusable ignorance; or
>
> (2) The coercion, fraud, artifice, or contrivance of another person.
>
> (c) Voluntary intoxication shall not be an excuse for any criminal act or omission.

OCGA § 16-3-4. At trial, Stewart testified that he was asleep with Whitener and woke up to find Whitener had stuck a needle into his hand and injected him with something that rendered him unconscious. He remembers very little about the following events that led to his arrest. At the county jail, Stewart did not have any recollection of the night nor did he understand why he was being arrested. The officers testified that Stewart was "talking crazy" and that he appeared to be under the influence of methamphetamine or other drugs. One officer saw drug paraphernalia in Whitener's bedroom. Stewart testified that sometime after the incident, his hand became infected where Whitener injected him and he was treated for it at the jail. Whitener testified that she was not using drugs that night, that she did not possess any drugs or syringes, and that she did not give Stewart any drugs. Stewart also raised questions about Whitener's credibility.

"Every person is presumed to be of sound mind and discretion but the presumption may be rebutted." OCGA § 16-2-3. "And, a defendant [asserting involuntary intoxication] bears the burden of showing by a preponderance of the evidence, that he was not mentally responsible at the time of the alleged crime." *Rauschenberg v. State*, 161 Ga. App. 331 (291 SE2d 58) (1982). See also *Foster v. State*, 283 Ga. 47, 48 (656 SE2d 838) (2008) ("A defendant claiming insanity has the burden of proving this affirmative defense by a preponderance of the evidence."). If the defendant meets that burden, the State must present sufficient evidence to show beyond a reasonable doubt that the defendant was not involuntarily intoxicated. See *Carter v. State*, 248 Ga. App. 139, 140 (2) (546 SE2d 5) (2001); *Strickland v. State*, 258 Ga. 764, 765 (373 SE2d 736) (1988). The ultimate resolution of the issue is for the finder of fact. See, e.g., *Carter*, 248 Ga. App. at 140. The judge charged the jury with the applicable law.

Stewart contends that the lone statement by Whitener that she did not inject him with drugs, combined with the evidence impeaching her credibility, was insufficient to overcome his own and the officers' testimony suggesting that he had been injected with something and that he was not acting rationally. But

> [c]onflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Prudhomme v. State*, 285 Ga. App. 662, 663 (1) (647 SE2d 343) (2007). Because there was evidence

to support the jury's conclusion, we must affirm.
    *Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JUNE 5, 2008.

*Edward P. Dettmar*, for appellant.
    *T. Joseph Campbell, District Attorney, Rosemary G. Heidmann, Assistant District Attorney*, for appellee.