A09A1476. MACKEY v. THE STATE.
(683 SE2d 899)

BARNES, Judge.

James Mackey appeals his conviction for possession of cocaine with intent to distribute, possession of cocaine, possession of marijuana with intent to distribute, and possession of marijuana. He contends the evidence is insufficient to sustain his conviction under the standard announced in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and that he was denied the right to effective assistance of counsel and thereby entitled to a new trial. For the reasons that follow, we affirm.

1. Mackey claims that the evidence was insufficient because it was "contradictory and conflicting" as to whether Mackey had actual possession of the controlled substances. On appeal we consider the evidence in the light most favorable to the verdict in determining the sufficiency of the evidence, but neither weigh the evidence nor judge the credibility of the witnesses. *Grant v. State,* 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). "[C]onflicts in the testimony of the witnesses . . . are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's

---

case, the jury's verdict will be upheld." (Punctuation omitted.) *Stewart v. State*, 291 Ga. App. 846, 847 (663 SE2d 278) (2008).

In this case, the evidence shows that a police officer approached Mackey's parked car, and when Mackey, who was in the driver's seat, rolled down his window, the officer saw a liquor bottle in the center console and noticed Mackey's bloodshot eyes and a strong odor of alcohol. The officer instructed Mackey to exit the vehicle, and the officer immediately observed drugs in the driver's side door of the vehicle. After placing Mackey under arrest, the officer recovered several bags of marijuana and cocaine from the driver's side door. In a subsequent search of Mackey, the officer found plastic sandwich bags in his pocket that matched the bags containing marijuana, including the same brown stain on the corner of the bags.

Additionally, the State presented similar transaction evidence. See *Cauley v. State*, 287 Ga. App. 701, 702 (1) (652 SE2d 586) (2007) (admitting similar transaction evidence proper in prosecution for possession of cocaine with intent to distribute). According to a police officer's testimony, on May 31, 2006, he responded to a call about a vehicle on fire, and he found a clear plastic bag of cocaine in the vehicle Mackey had been driving. He later pled guilty to cocaine possession.

Mackey bases his claim of insufficiency of evidence on the fact that his passenger pled guilty to cocaine possession, and was the only one with drugs on her person. Several witnesses testified that the passenger, and not Mackey, had possessed drugs. Even if the passenger had been in possession of drugs before she got in the car with Mackey, the jury could have still convicted Mackey of these crimes because they both could have possessed drugs. Therefore, the record contains ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Mackey was guilty of the crimes of which he was convicted. *Jackson*, supra.

2. Mackey's contention that he received ineffective assistance of counsel is without merit. An appellant is prejudiced when a reasonable probability exists that, but for the attorney's ineffective assistance, the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." (Punctuation omitted.) *Ford v. State*, 255 Ga. 81, 85 (8) (335 SE2d 567) (1985). When reviewing a claim of this nature, this Court will not contest a trial court's finding of effective assistance of counsel unless it was clearly erroneous. *Thomas v. State*, 246 Ga. App. 448, 449 (1) (540 SE2d 662) (2000). In the present case, because Mackey has failed to establish that his coun-

sel's performance was prejudicial, we need not evaluate whether counsel's performance was deficient. *Wadley v. State*, 258 Ga. 465, 466 (3) (369 SE2d 734) (1988).

The record is void of any suggestion that Mackey received ineffective assistance of counsel. Mackey cites *Powell v. Alabama*, 287 U. S. 45 (53 SC 55, 77 LE 158) (1932), a case in which the surrounding circumstances made it so unlikely that an attorney could provide effective assistance of counsel that the attorneys' ineffectiveness was presumed without inquiry into actual performance at trial. *Powell*, supra. Mackey's reliance on *Powell* is misplaced. There, the seven defendants, who were arraigned immediately after indictment, convicted of rape in a trial six days later, and sentenced to death, were denied the assistance of counsel from arraignment to the beginning of their trials. Id. at 52-53, 57. In the present case, Mackey was never denied counsel.

Mackey claims that because two of his witnesses were unavailable on the day of trial and had their testimony from a previous court proceeding read into the record, that the jury was deprived of being able to observe the witnesses' demeanor and body language. Because his counsel agreed to testimony being presented in this manner, Mackey argues that his counsel was ineffective and that he received an unfair trial. In fact, the case now being appealed was Mackey's second trial; in his first trial, a jury convicted him for driving under the influence and open container but could not reach a verdict on the other charges, so the trial court declared a mistrial as to those counts. It was during Mackey's retrial on the drug charges that the previous trial testimony of two witnesses was read for the jury. However, Mackey has not shown that the witnesses were actually available or would have become available, but only argues their testimony would have been more credible if they had testified in person, citing no legal authority.

To determine whether it was appropriate for the trial court to admit the former testimony of two witnesses to be read to the jury, our analysis turns to the United States Supreme Court case of *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004), which involved the use of testimonial hearsay statements when the declarant is absent. *Thomas v. State*, 288 Ga. App. 602, 607 (3) (654 SE2d 682) (2007). Under *Crawford*, if the declarant is absent, the court must first find that the witness or witnesses are unavailable; and second, the court must find that the witness has been subject to cross-examination. Id. *Crawford* overruled *Ohio v. Roberts*, 448 U. S. 56, 66 (100 SC 2531, 65 LE2d 297) (1980), which had permitted such out-of-court statements when the trial court found that the witness was unavailable and the statements contained "adequate indicia of reliability," such as falling within "'a

firmly rooted hearsay exception'" or possessing "'particularized guarantees of trustworthiness.' [Cit.]" *Dunn v. State*, 292 Ga. App. 667, 670 (1) (665 SE2d 377) (2008).

In this case, the unavailable witnesses were subject to cross-examination in Mackey's first trial, and the court determined that both were unavailable to testify again at Mackey's second trial. The issues and parties in the first trial were identical to those in the second trial. Therefore, this testimony was admissible under the *Crawford* standard, and Mackey's trial counsel did not err in having the testimony read at trial.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED AUGUST 25, 2009.

*Little, Crumly & Chambliss, Samuel F. Little, Jr.,* for appellant.
*Leigh E. Patterson, District Attorney, John F. McClellan, Jr., Assistant District Attorney*, for appellee.